[No. 33156.   Department Two.   August 25, 1955.]

MERLE KATHERINE EDWARDS, *Respondent and Cross-appellant*, v. GEORGE EUGENE EDWARDS, *Appellant.*[1]

'Reported in 287 P. (2d) 139.

*Orvin H. Messegee*, for appellant.

*Acheson & Smith*, for respondent and cross-appellant.

ROSELLINI, J.—The parties to this action entered into a meretricious relationship in 1943, at which time respondent, plaintiff in the lower court, moved into an apartment owned by appellant. They subsequently obtained divorces from their then spouses, and in 1947 they secured a marriage license, which was not used until November 17, 1952, after respondent had instituted a suit to obtain a division of the property that had been accumulated during the years the parties had lived together. To effect a reconciliation, appellant agreed to and did marry the respondent. Six months later, in May, 1953, respondent filed suit for divorce, which action was never prosecuted, the parties having again become reconciled. On August 19, 1953, she filed her complaint in this action, seeking a divorce, alimony, and one half of the property of the parties. Appellant cross-complained, praying that the decree of divorce and all of the property be awarded to him. On June 25, 1954, a decree was entered in favor of the respondent, awarding to her approximately thirty per cent of the property and dismissing the cross-complaint.

Appellant claims that the trial court erred in its finding that he had been guilty of cruel treatment after the abandon-

ment of the first divorce action, contending that there was no evidence of any acts of cruelty after the reconciliation. While the record reveals no acts of physical cruelty occurring after the reconciliation, respondent testified that appellant continued to address her in abusive terms and accused her of infidelity. There is evidence of both physical and mental cruelty prior to that time.

■ According to the appellant's argument, respondent was not entitled to obtain a divorce based upon grounds which had been destroyed when the marital relationship was resumed. The applicable rule is that, if a wife against whom acts of cruelty have been committed by her husband resumes or continues marital life with him, it is upon the implied condition that his misconduct will not be repeated, and where the condition is broken, there is a revival of the former offenses. *Rentel v. Rentel*, 39 Wn. (2d) 729, 238 P. (2d) 389, and cases cited therein. While condonation will not be considered removed by proof of slight delinquency, it is not necessary that the reviving acts of misconduct in and of themselves be such as to constitute independent grounds for divorce. *Murray v. Murray*, 38 Wn. (2d) 269, 229 P. (2d) 309.

■ The finding of fact to which error is assigned is inaccurate in so far as it states that all of the acts of cruelty were committed after the first divorce action was abandoned; however, the error is harmless. The trial court termed the language used by appellant, in addressing respondent, "vile and indecent." Under the rule stated above, his persistent use of such language, "sometimes even in the presence of strangers," was sufficient to revive the grounds existing before respondent's condonation; and the court did not err in granting her a divorce.

Both parties complain of the property division made by the court, the appellant maintaining that the portion awarded to the respondent is excessive, and the respondent, in her cross-appeal, contending that it is inadequate.

■ Under RCW 26.08.110, the trial court has wide latitude and discretionary powers in the disposition of the prop-

erty of the parties, whether community or separate, and only a manifest abuse of that discretion justifies this court in substituting its judgment for that of the trial court. *Browning v. Browning*, 46 Wn. (2d) 538, 283 P. (2d) 125.

The trial court concluded that respondent was entitled to share in the property which was accumulated prior to the marriage but was not entitled to half of it. Respondent's argument that she is entitled to a greater share than she received is based solely upon her allegation that the business of operating apartments was a joint venture or partnership, carried out in pursuance of an oral contract to pool the resources, the efforts, and the business acumen of the parties in the acquisition and operation of apartment houses. The trial court did not believe that such a contract had ever been made. Respondent's testimony shows that she was ignorant of the appellant's business affairs and took no interest in them. Her only cash contribution was the sum of five hundred dollars, for which she received a promissory note and which the court decreed should be paid by the appellant. The total value of the properties at the time of the decree was in excess of fifty-four thousand dollars, of which the court awarded to the respondent approximately thirty per cent. We cannot say that as a matter of law she is entitled to half of these properties, which appear to have been accumulated chiefly through the thrift and diligence of the appellant.

At the same time, respondent did perform the duties of a housewife and helped appellant in painting and cleaning the apartments and collecting rents. The findings show that the court had in mind all of the factors which the statute requires it to consider: the relative merits of the parties, the condition in which they will be left by the divorce, and the party through whom the property was acquired. We find no abuse of discretion in the disposition which it made.

Error is assigned to the Court's refusal to consider appellant's motion to dismiss the divorce action and to its refusal to take oral testimony concerning the facts alleged in the affidavit which accompanied the motion to dismiss. The

transcript does not contain any order denying these motions, nor are the proceedings on them contained in the statement of facts. The clerk's minute entry which is included in the transcript reads as follows:

"Findings of fact, Conclusions, and Decree signed.
"Motion to Dismiss, and offer of testimony refused."

All of the above are marked "filed June 25, 1954, 4:11 p. m." From the minute entry, we cannot ascertain whether the motion to dismiss was timely made, to wit, before the entry of the divorce decree, and consequently, we cannot consider this assignment. See *Hubbell v. Ernst*, 198 Wash. 176, 87 P. (2d) 985.

The judgment is affirmed.

HAMLEY, C. J., MALLERY, HILL, and FINLEY, JJ., concur.

October 5, 1955. Petition for rehearing denied.