[No. 38192.    Department Two.    October 6, 1966.]

CLARENCE R. MORRIS, *Respondent*, v. MARION D. MORRIS, *Appellant.**

*E. Albert Morrison,* for appellant.

*Reported in 419 P.2d 129.

*Sterbick, Manza, Moceri, Gustafson & Narigi,* by *Henry Haas,* for respondent.

FINLEY, J.—This appeal is an aftermath of a divorce action in which both parties, married since January 21, 1945, sought a dissolution of their marital relationship.

The trial court granted both the appellant wife and the respondent husband a divorce. The wife was given custody of the two minor children, and, under the decree, the husband was required to pay to the wife the sum of $130 per month for support of the minor children. Under the provisions of RCW 26.08.110, the trial court made the following distribution of property:

The appellant wife was awarded:

```
The 1964 automobile, valued at..............$1,000.00
Household goods, valued at..................   500.00
A real estate mortgage balance valued at......$1,447.66
A bond ....................................   500.00
A life insurance policy on her life of no appre-
     ciable cash value.
```

The respondent husband was awarded:

```
An equity in a service station business, includ-
     ing a truck, valued at approximately.....$3,330.00
A bond ....................................  1,000.00
A promissory note for ......................    150.00
A real estate lot worth.....................    400.00
```

The decree requires the husband to pay the sum of $20.58 per month premium on the educational and life insurance policies upon the lives of the two minor children, and the $27.50 per month premium on a life insurance policy on his own life for the benefit of the two minor children.

The above provisions of the decree as to distribution of property and payments to be made by the husband are not in dispute. However, the trial court also awarded the husband the entire *gross* amount of his military retirement pension: $347.50 per month. Apparently, it was the trial judge's reasoning that the pension is a gratuity to the husband from the federal government and not a community asset. In lieu of any pro rata portion of the pension, the trial court awarded alimony to the appellant wife in the amount of $125 per month until she either remarries or

becomes employed and is earning $300 or more per month.

The appellant wife's principal contention on appeal is that the trial court erred in characterizing the military pension as a gratuity from the government (and, as such, the husband's separate property) rather than an asset of the marital community. We are inclined to agree with the appellant as to characterization or legal classification respecting the pension. In *Loomis v. Loomis*, 47 Wn.2d 468, 479, 288 P.2d 235 (1955), we noted in passing that a military pension "is not in the nature of 'future earnings,' but is an asset acquired during coverture." In considering the same problem of characterization, the Court of Civil Appeals of Texas, in *Kirkham v. Kirkham*, 335 S.W.2d 393, 394 (1960), said:

> This is an appeal from a judgment granting a divorce to appellee, Bonnie Jean Kirkham, from appellant, John S. Kirkham, awarding custody of the minor child to appellee, providing for support of such child, dividing certain community property, and awarding to appellee a thirty per cent interest in and to the retired pay account of appellant, earned by him as a member of the Armed Forces of the United States of America over a period of twenty-two and one-half years of military service.
>
> . . . .
>
> It appears from the record that the parties accumulated little community property during their marriage, other than the retirement pay of appellant. *The retirement pay account is not a gift or gratuity accruing to appellant, but is an earned property right which accrues by reason of his years of service in military service.* The earnings of the husband during marriage are community property. Art. 4619, Vernon's Ann. Civ. Stats.
>
> . . . .
>
> In regard to that part of the judgment which provides for a money judgment against appellant for appellee's share of future retirement payments, we find that the trial court, in the exercise of his discretion, has authority to enter such a judgment. Berg v. Berg, Tex.Civ.App., 115 S.W.2d 1171; Keton v. Clark, Tex.Civ.App., 67 S.W.2d 437. (Italics ours.)

However, it is not necessary at the present time to reach and dispose of the problem as to the appropriate legal char-

acterization or classification which should be accorded military pensions.

RCW 26.08.110 provides as follows:

Decree of divorce or annulment—Finality—Restraining orders. In all cases where the court shall grant a divorce or annulment, it shall be for cause distinctly stated in the complaint, proved, and found by the court. Upon the conclusion of a divorce or annulment trial, the court must make and enter findings of fact and conclusions of law. If the court determines that either party, or both, is entitled to a divorce or annulment, judgment shall be entered accordingly, granting the party in whose favor the court decides a decree of full and complete divorce or annulment, *and making such disposition of the property of the parties, either community or separate, as shall appear just and equitable,* having regard to the respective merits of the parties, to the condition in which they will be left by such divorce or annulment, to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for costs, and for the custody, support and education of the minor children of such marriage. Such decree as to alimony and the care, custody, support and education of children may be modified, altered and revised by the court from time to time as circumstances may require. Such decree, however, as to the dissolution of the marital relation and to the custody, management and division of property shall be final and conclusive upon both parties subject only to the right to appeal as in civil cases, and provided that the trial court shall at all times including the pendency of any appeal, have the power to grant any and all restraining orders that may be necessary to protect the parties and secure justice. (Italics ours.)

In relation to RCW 26.08.110, this court has consistently stated that all of the property of divorce litigants, whether it be separate or community in nature, is subject to fair, reasonable and equitable disposition by the divorce court. *Dickison v. Dickison,* 65 Wn.2d 585, 399 P.2d 5 (1965); *Ovens v. Ovens,* 61 Wn.2d 6, 376 P.2d 839 (1962); *Patrick v. Patrick,* 43 Wn.2d 139, 260 P.2d 878 (1953).

Furthermore, it is well established that we will not substitute our judgment for that of the trial court as to the

disposition of property in a divorce action in the absence of a manifest abuse of discretion by the trial court. *Mumm v. Mumm,* 63 Wn.2d 349, 387 P.2d 547 (1963); *Friedlander v. Friedlander,* 58 Wn.2d 288, 362 P.2d 352 (1961). In terms of dollars and the respective values involved, we think the trial court worked out a reasonable and equitable distribution of property and made proper provision for child support and the support of the wife. However, in our opinion, the wife would have been provided more of an element of security if the arrangements worked out by the trial judge had given her an interest in a specific amount of the military pension. Consequently, we have concluded that the wife should be accorded an interest in the military pension in the specific amount of $100 per month; that, in addition, she should be awarded $25 per month alimony for a period of 5 years, all subject to further order of the court, or until such time as she remarries or becomes employed and earning $250 per month, or more.

Finally, the judgment of the trial court should be modified as indicated, but otherwise affirmed in all respects. This revision does not change the over-all benefits accruing to the wife. However, it does effect a change in substance and in the security aspect of the property division and the alimony allowance for the wife. Costs should be awarded to the wife. It is so ordered.

ROSELLINI, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.