[No. 39445. Department One. August 15. 1968.]
MILDRED EDWARDS, *Respondent*, v. HENRY W. EDWARDS, *Appellant.**

*Lester C. Voris* and *R. F. Atwood,* for appellant.

*Joseph T. Pemberton* and *Jacob L. Smith,* for respondent.

HILL, J.—We have here the narrowest possible issue in an appeal from a divorce decree; it involves nothing more than the propriety of the division of the monthly pension of $165 which the husband, a retired longshoreman, has received since his retirement and will continue to receive from the International Longshoremen Warehousemen's Union and the Pacific Maritime Association.

The husband, throughout the trial, was obsessed with the idea that this pension was his separate property and should come to him in its entirety. The trial court, after dividing all of the rest of the property equally (and with great exactitude) between the parties, directed that $82.50 (or half of the ILWU-PMA pension) be paid to the wife each month.

The husband, reluctantly conceding, as he must, that the pension having been earned during the marriage is community property,[1] or in any event is an asset which the court

*Reported in 444 P.2d 703.

[1] Supporting this position see *Morris v. Morris,* 69 Wn.2d 506, 419 P.2d 129 (1966).

can consider in making a division of the property or in fixing the amount of alimony,[2] argues that—considering the circumstances under which the parties are left—any semblance of fairness demands that he be awarded the full amount of the pension.

The trial court divided the community personal property and cash, $6,715 to the husband[3] and $6,715 to the wife,[4] and then directed the husband to pay the wife one-half of the $165 ILWU-PMA pension each month.

■ However, the statutory requirement is not that the community property be divided equally, but that the division shall be

> just and equitable, having regard to the respective merits of the parties, to the condition in which they will be left by such divorce or annulment, to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for costs, and for the custody, support and education of the minor children of such marriage. (RCW 26.08.110)

Let us look at the condition of these parties as they are left by the divorce.

Of the 3 children of this marriage, 2 were of age; one daughter, Bonnie Jean, was 14 years of age, and her custody was given to the wife.

The husband at the time of the divorce was 67 years of age and was receiving social security payments in the sum of $132.70 a month. Omitting any portion of the ILWU-PMA pension of $165 monthly, there was also a social security payment of $66 each month for the minor child which was to be paid to the wife in lieu of any support payments. The husband was also charged with the responsibility of

---

[2]Supporting this proposition see *Heuchan v. Heuchan,* 38 Wn.2d 207, 228 P.2d 470, 22 A.L.R.2d 1410 (1951).

[3]The husband received in cash $4,250, a $100 Elks Club bond, and an automobile worth $2,365; total $6,715.

[4]The wife received in cash $4,750, household furniture and furnishings of the value of $1,000, and an equity of $965 in an automobile; total $6,715.

paying the annual premium of $168 on a $5,000 educational policy for the daughter.

The wife was 53 years of age with an earning capacity as a registered nurse of approximately $500 a month. This, without considering the pension, gave the wife, for herself and daughter, a monthly income of approximately $566, and the husband $132.70.

Dividing the $165 pension, as the trial court did, we have the wife and daughter receiving $648.50 and the husband $215.20.

We are satisfied that there is too great a disparity in the condition in which these parties are left for this to be a just and equitable disposition of the property of the parties within the purview of RCW 26.08.110.

Under the circumstances existing at the time the decree was entered,[5] the wife was not entitled to receive more than 25 per cent of the husband's ILWU-PMA pension; and it is directed that the divorce decree be modified to reflect such a change in the percentage of that pension which she is to receive. Neither party will recover costs on this appeal.

ROSELLINI, HALE, and McGOVERN, JJ., and DONWORTH, J. Pro Tem., concur.

---

[5]We are aware that since the decree was entered social security payments for the husband and daughter have been increased 13 per cent, and it is also possible that the wife's earnings may have increased; we are, however, considering the situation as it existed at the time the divorce decree was entered.