[Civ. No. 28959. First Dist., Div. Three. May 23, 1972.]

N. ELAINE BENSING, Plaintiff and Respondent, v.
ROBERT G. BENSING, Defendant and Appellant.

## COUNSEL

Ronald E. Moe for Defendant and Appellant.

McPherson & Harris and William H. McPherson for Plaintiff and Respondent.

## OPINION

**BROWN (H. C.), J.**—This is an appeal in a divorce action in which the appellant husband claims the court erred in declaring his pension benefits to be community property and subject to division even though he had not retired. Appellant also claims that the court failed to consider the wife's retirement benefits in its award and, further, that the evaluation of items of personal property was not based on substantial evidence.

The evidence disclosed that appellant was a major in the Air Force. During the 23 years of the marriage and for five years prior to the marriage, appellant was in military service. He was eligible for retirement but at the time of the divorce was still in the Air Force. He testified that his retirement income would be approximately $700 a month. The court found that the retirement benefits were community property to the extent that they resulted from service during the years of marriage. Based upon the percentage earned during marriage, the life expectancy of the appellant and the estimate of $700 per month benefits, the court calculated the community property portion of the retirement benefits to have an actuarial value of $91,149.90. The court also found that other community assets

totaled $27,683.61. Of this property he awarded items totaling $16,470 to respondent and items totaling $11,913.61 to the appellant. In order to equalize the award of the community property, the court divided the retirement benefit in the sums of $43,296.76 to respondent and $47,853.15 to appellant. Appellant was ordered to pay respondent her share of the retirement benefits at the rate of $271.72 per month starting on April 1, 1970.

Appellant first contends that military retirement benefits are contingent upon both retirement and survival and do not vest until retirement. Therefore, appellant argues, as he had not retired but was merely eligible for retirement, the pension benefits should be considered a mere expectancy not subject to division as community property.

We do not agree with this contention. ■ Pension benefits are a part of the consideration earned by the employee. ■ They are not gratuities of the employer but, as a part of the salary earned by such employee, they are community property. ■ "Both employee and non-employee [spouse] own community property rights in the pension fund that are of equal stature; such rights are equally subject to the power of the divorce court." (*Phillipson* v. *Board of Administration*, 3 Cal.3d 32, 50 [89 Cal. Rptr. 61, 473 P.2d 765].) This applies not only to the accumulated contributions the employee has made to a pension plan but also to the entire matured pension rights payable as a benefit of employment. (*Waite* v. *Waite*, 6 Cal.3d 461, 469-470 [99 Cal.Rptr. 325, 492 P.2d 13].) ■ "[P]ensions become community property, subject to division in a divorce, when and to the extent that the party is certain to receive some payment or recovery of funds." (*Williamson* v. *Williamson*, 203 Cal.App. 2d 8, 11 [21 Cal.Rptr. 164].) Application of this latter principle in *Williamson* resulted in a determination that a policeman's wife was not entitled to a division of pension rights. The provisions of the pension fund were such that the employee was not entitled to any portion of the fund until he had served 20 years. At the time of the divorce, the husband in *Williamson* was not eligible to retire.

Likewise, in *French* v. *French*, 17 Cal.2d 775 [112 P.2d 235, 134 A.L.R. 366], the court recognized that retirement pay of appellant, who was in the United States Navy, was community property but held in that case that retirement pay was a mere expectancy because the appellant had not completed the number of years of normal service in the fleet reserve to become eligible for the pension. (P. 778.)

■ Here the appellant had completed the required number of years of service and was eligible for a pension. He does not dispute the contention

that he only needed to apply for the pension benefits to receive them. Thus, the only condition to the payment of pension benefits is a condition entirely within Major Bensing's control and this is not the type of uncertainty which precludes division upon divorce. This was brought out in *Waite* v. *Waite, supra,* 6 Cal.3d 461, 472, where the court held that the pension benefits of a retired California judge were community property and divisible upon divorce. The husband argued that retired judges do not enjoy an unconditional and vested right to pension payments because the acceptance by a retired judge of a temporary judicial assignment reduces his pension to the extent of the salary he receives. In rejecting this argument, the court stated: *"Yet the choice of whether or not the judge accepts future judicial assignments, if any are offered by the Chairman of the Judicial Council, lies with the judge; the exercise of any right accorded by the Judges' Retirement Law is completely within his control; hence this option does not reduce the pension to a 'conditional' one.* Defendant's rights under the Judges' Retirement Law, coupled with his power to refuse further judicial assignment, render his pension fully as secured, as 'vested,' as that of any other public employee." (P. 472; italics added.)

Here, to accept appellant's argument would mean that a spouse could be deprived of any share of matured pension rights by the decision of the employee to delay retirement until after the divorce proceedings were concluded. This would deprive respondent of her share of the community's most substantial asset. Thus the trial court was correct in determining the benefits to be a divisible asset.

The judgment awards to the wife "the sum of $43,296.76 as her share of defendant's retirement benefit which is in the amount of $91,149.90, payable at the rate of $271.72 per month until her entire share of the retirement benefits has been paid" and, in the following paragraph, directs that he "shall pay to the plaintiff wife the sum of $271.72 per month from his monthly retirement pay until the full amount of $43,296.76 has been paid." Thus, the judgment provides that payments shall continue until the full $43,296.76 has been paid, but also provides that the payments are to be made "from his monthly retirement pay." These directions might appear to be inconsistent because, while the wife is entitled to a proportionate share of the pension, the pension payments may never reach the actuarial value set by the court. The pension here terminates upon husband's death. Also, if the wife dies before the monthly payments to her amount to the actuarial "present value" of the pension, the payments to her cease and her share is payable to the husband. Her devisees and heirs are not entitled to the share of the pension she would have received if she lived. (*Waite* v. *Waite, supra,* 6 Cal.3d at p. 473.)

The seeming inconsistency in the wording of the award may be reconciled, however by accepting the obvious intention of the trial court. ■ The parties are entitled to an equal share of the community property but neither has the right to demand a precise division of each asset which is rarely possible when those assets consist of tangible and intangible assets. (*Waite* v. *Waite, supra,* p. 473.) In fact, in *Phillipson* v. *Board of Administration, supra,* 3 Cal.3d 32, 46, the court said "that if the community musters sufficient assets to do so, the preferable mode of division would be to award the pension rights to the employee and property of equal value to the spouse." This reasoning was reiterated in dictum in *Waite* v. *Waite, supra,* page 474. Here it was clearly not feasible for the court to award the pension to one spouse and the tangible assets to the other as the tangible assets of the community did not have a value equivalent to the value of the pension.

It seems reasonable to believe that the court did not intend to award the wife a fixed total sum. The pension terminates with the death of the husband, and wife's share also terminates if she predeceases the husband. Thus, the actuarial value of the pension may never be reached. The more apparent reason for placing an actuarial value on the pension of $91,149.90 and awarding $43,296.76 to the wife and $47,853.15 to the husband was to compensate husband for the allowance to wife of tangible assets which had $4,556.39 greater value than those tangibles awarded husband.

It is conceivable that husband may not live his actuarial life expectancy and thus may not receive sufficient installments to equalize the larger amount of tangible assets awarded wife. The court here, however, accomplished substantial justice within the limits of practicality presented by the facts by awarding the wife a monthly payment reduced by an amount which, on the law of averages, will be sufficient to compensate husband for the slight deficiency he suffers in the division of the small amount of tangible community property which has a presently determinable market value.

Since the trial court's manner of division of the community assets is subject to reasonable interpretation, we construe the judgment as awarding to the wife as her share of the pension benefits the sum of $271.72 per month, starting April 1, 1970, continuing so long as both husband and wife live, and terminating upon the death of either. Those portions of the findings, conclusions and judgment which purport to fix a value of $43,296.76 upon the interest of wife, and to award her that lump sum, are stricken.

Appellant next contends that the court erred in failing to consider

respondent's retirement benefits from her civil service employment in evaluating and dividing the community property.

Respondent testified that she was employed at Travis Air Force Base under civil service. There was no testimony that she had any matured pension rights whatsoever or had made any contributions to a pension plan. The appellant did not ask the court to consider any pension rights of respondent as community property either at the hearing or in the letter he submitted proposing a division of community property. ■ Appellant may not now seek a retrial of this issue on which he presented no evidence below nor complain that the trial court failed to consider it. (*Thompson* v. *Thompson,* 136 Cal.App.2d 539, 542 [288 P.2d 932]; *Dunn* v. *Dunn,* 180 Cal.App.2d 839, 842 [4 Cal.Rptr. 748].)

Appellant also contends that there was no substantial evidence supporting the court's evaluation of other items of community property.

■ Valuation is a question of fact for the trial court. ■ This court is governed by the rule that when a finding of fact is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court is limited to the determination of whether there is any substantial evidence, contradicted or uncontradicted, which supports the finding of fact. (*Gonzales* v. *Gonzales,* 267 Cal.App.2d 428, 436 [73 Cal.Rptr. 83]; *Primm* v. *Primm,* 46 Cal.2d 690, 693 [299 P.2d 231]; *Tinney* v. *Tinney,* 211 Cal.App.2d 548, 553 [27 Cal.Rptr. 239].) ■ While there was conflicting evidence as to the value of some of the couple's household and collector's items, the trial court resolved the conflicts on substantial evidence and its decision as to those items will not be disturbed on appeal.

The judgment is ordered modified by striking therefrom paragraphs 7 and 8, and substituting therefor the following: "7. That defendant shall pay to plaintiff, as a further division of community property, the sum of $271.72 per month, starting April 1, 1970, and continuing so long as both plaintiff and defendant live, but to terminate upon the death of either." As so modified, the judgment is affirmed.

Each party is to bear his own costs on appeal.

Draper, P. J., and Caldecott, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 19, 1972.