[Civ. No. 39476. Second Dist., Div. Two. Aug. 15, 1972.]

In re the Marriage of LEROY and BERNICE BROWN.
LEROY BROWN, Respondent, v.
BERNICE BROWN, Appellant.

**COUNSEL**

Coskey & Coskey and Silvio F. Nardoni, Jr., for Defendant and Appellant.

Samuel & Lucas and Glen D. Lucas for Plaintiff and Respondent.

**OPINION**

**FLEMING, J.**—Bernice Brown appeals an interlocutory judgment of dissolution of her marriage to Leroy Brown. She contends the trial court

erred in refusing to grant her a continuance and in finding that there was no community property.

Bernice and Leroy were married in South Carolina in 1944, they had four children, and they separated in 1960. Leroy petitioned for dissolution of their marriage on 17 June 1970. He alleged that there was no property subject to disposition by the court and that the children were grown. He requested that no spousal support be awarded. Bernice responded on 31 August 1970, alleging that Leroy's military retirement benefits were subject to disposition by the court. She requested custody of the children, child and spousal support, determination of her property rights, and attorneys' fees and costs. Trial was set for 14 May 1971.

On the day set for trial, Bernice moved for a continuance. Her attorney submitted an affidavit alleging as follows: He was "assigned" the case on 7 May 1971. On 12 May 1971 he was informed that Bernice was in Charlotte, North Carolina, and did not have the necessary funds to make the trip to California. Bernice's testimony was essential to her cause because she would testify that she had raised the children; that in August 1963 she prepared to move with the children from North Carolina to Port Hueneme, California, where Leroy was stationed; that she shipped all the family furniture and clothes to Port Hueneme; that her sister in North Carolina became ill and she notified Leroy she could not come; that Leroy said if she did not come now she should not come at all, and he later disposed of all the furniture and clothes. Bernice would further testify that she received a monthly military allotment check for $160 from 1951 to July 1970; that she has a part-time job at a college day-care center at $85 a month; that she acts as a foster mother for six children for $191 a month; and that she is without funds to travel to California.

The trial court denied Bernice's motion for a continuance. At trial Leroy testified that there are irreconcilable differences between him and Bernice. They have been separated for 10 years. He is in the Navy and has take-home pay of slightly more than $320 a month. He was transferred to California in 1963. He brought the household furnishings to California with the understanding that Bernice was coming to see him, but she did not. Leroy put the furnishings in storage, and eventually they were sold to pay storage fees. Bernice now attends college in North Carolina. Their children are grown. Bernice had custody of the children, but Leroy paid for their support. Until July 1970, when the last child was emancipated, Leroy had the Navy send a $160 monthly allotment to Bernice. Leroy has been in the Navy for 26 years; he is eligible to retire but has not done so.

After Leroy testified, the trial court denied Bernice's renewed motion to continue the matter to give her an opportunity to appear and testify or to have her deposition or interrogatories taken. The court concluded that the marriage should be dissolved; that there is no community property to be divided; and, that there was no showing of Bernice's need for support or of Leroy's ability to pay support.

■ The trial court properly refused to grant a continuance. ■ Application for a continuance is addressed to the sound discretion of the trial court (*Gibson* v. *Cobb,* 236 Cal.App.2d 226, 236 [46 Cal.Rptr. 57]), and its decision will not be disturbed on appeal unless its discretion has been arbitrarily exercised. (*Dingwall* v. *Anderson,* 271 Cal.App.2d 658, 663 [76 Cal.Rptr. 827].) ■ Bernice had approximately nine months before trial to prepare depositions or interrogatories or to seek financial aid to allow her to appear at trial. She was represented by the same attorneys throughout the proceedings. Yet, she gave notice to Leroy of her intention to move for a continuance only two days before trial. Furthermore, Bernice's response and statement of intended testimony put in issue only the question of community property (see discussion below); it is undenied that their children are grown and that Leroy is without the ability to pay support. In light of Bernice's lack of diligence and her inadequate showing of the materiality of evidence she might provide (see Code Civ. Proc., § 595.4), we find no abuse of discretion in the trial court's refusal to grant the requested continuance.

■ However, the trial court erred in finding that there was no community property. The evidence is undisputed that Leroy was in the Navy during the marriage and that he is eligible to retire. Ordinarily, military retirement benefits are not divisible as community property as long as they are a mere expectancy. (*French* v. *French,* 17 Cal.2d 775, 778 [112 P.2d 235, 134 A.L.R. 366].) But where a spouse is eligible for retirement from the military and the only condition to the payment of benefits is the spouse's application for them, the benefits should be divided as part of the community property. To rule otherwise would mean that one spouse could be deprived of any share in retirement benefits by the decision of the other spouse to delay retirement until after dissolution proceedings are concluded. (*Bensing* v. *Bensing,* 25 Cal.App.3d 889, 893 [102 Cal. Rptr. 255].) Further proceedings are required to determine the amount of the retirement benefits and proper apportionment of those benefits as community or separate property. If Bernice unjustifiably abandoned Leroy, his earnings during the period of abandonment would have been his separate property. (Former Civ. Code, § 175; *Norwich* v. *Norwich,* 170 Cal. App.2d 806, 810 [339 P.2d 574].)

The interlocutory judgment is affirmed in all respects except as to the finding that there is no community property. The cause is remanded for further proceedings to determine the amount and apportionment of military benefits which may be community property.

Roth, P. J., and Herndon, J., concurred.