[No. 43501.   En Banc.   May 15, 1975.]

JEANNETTE MARGARET WILDER, *Respondent*, v. LARRY EUGENE WILDER, *Appellant*.

*John Wold*, for appellant.

*Richard L. Pitt*, for respondent.

ROSELLINI, J.—Judgment was entered in this marriage dissolution proceeding on December 10, 1973. In dividing the property of the parties, the court awarded the respondent wife a portion of the appellant's military pension which he would be eligible to receive upon retirement after June 1, 1975, provided that he reenlisted at the expiration of his current enlistment, as he indicated his intention of doing.

The parties were married in 1956, the year that the defendant enlisted in the Navy. The appellant's pay at the time of the trial of this case was $1,031.25 per month and this is the monthly pay which he would be entitled to receive after June 1, 1975, if he reenlisted but elected not to retire. His retirement pay would amount to $438 per month.

The court made the following provision regarding the pension:

> The interest in his potential retirement from the United States Navy which he would be eligible to collect on or about June 1st, 1975, and which he will receive as retirement income from the United States Government. The petitioner is hereby awarded the sum of $180.00 per month of said retirement income as and for property and not alimony, which payments shall continue as long as respondent is receiving, or is eligible to receive retirement from the United States Navy. If the respondent should choose to stay in the Navy beyond June 1; 1975, he shall pay the petitioner the sum of $180.00 per month. If the respondent's monthly amount of military pension should be reduced by an Act of Congress, the payments to petitioner shall be reduced on a pro-rata basis. If the respondent should, through no deliberate act of his own, his weight excepted, not be on active duty with the United States Navy or not receive, or be eligible to re-

ceive retirement benefits, then any rights of petitioner herein in the pension shall terminate.

The case was certified to this court from the Court of Appeals. The only question raised concerns the propriety of the award of an interest in the pension. The appellant's arguments are: that the pension was not a property right properly before the court for consideration because it had not "vested" at the time of the award, that the provision improperly penalizes the appellant for exercising his right not to reenlist, and that the court could not properly require the appellant to pay the respondent $180 per month if he elected to remain in the Navy past his retirement date.

RCW 26.09.080 provides that in a proceeding for dissolution of a marriage, the court shall make such disposition of the property and liabilities of the parties, either community or separate, as shall appear just and equitable after considering all relevant factors including, but not limited to the nature and extent of the property, the duration of the marriage, and the economic situation of the spouses at the time the division of the property is to become effective. This statute obviously gives the court as wide a discretion as it enjoyed under its predecessor. The breadth of that discretion has been repeatedly observed. *Edwards v. Edwards*, 47 Wn.2d 224, 287 P.2d 139 (1955); *Holm v. Holm*, 27 Wn.2d 456, 178 P.2d 725 (1947).

This court has held that a military pension is not a gratuity but an asset acquired during coverture. *Morris v. Morris*, 69 Wn.2d 506, 419 P.2d 129 (1966). It is an asset which the court can consider in making a division of the property. *Edwards v. Edwards*, 74 Wn.2d 286, 444 P.2d 703 (1968).[1] A federal military pension is subject to certain contingencies and as such is not a fixed asset but is an emolument or economic advantage of office and is an income resource which should be considered by the court in

[1] *See also Kinne v. Kinne*, 82 Wn.2d 360, 510 P.2d 814 (1973), upholding a property settlement agreement which provided for monthly payments which could not be modified upon application of the husband, the source of the payments being the husband's military pension.

fixing the amount of alimony. *Roach v. Roach*, 72 Wn.2d 144, 432 P.2d 579 (1967).

Thus it is settled in this jurisdiction that a military pension is community property to the extent that community funds have been invested in it and that it is before the court for consideration in a dissolution proceeding. The defendant acknowledges this. He contends, however, that the court cannot consider such a pension unless the right to receive it has matured. He cites no Washington case to support this proposition but relies upon two cases decided in Texas. These are *Davis v. Davis*, 495 S.W.2d 607 (Tex. Civ. App. 1973) (holding that a wife could not be awarded an interest in the pension rights of an Air Force officer who had served only 11 years because they had not vested), and *Miser v. Miser*, 475 S.W.2d 597 (Tex. Civ. App. 1971) (holding that an enlisted man who had served 18½ years had a vested right in the pension he would be eligible to receive after 20 years). An examination of the Texas cases will show that the courts in that state adopt a conservative view regarding the nature of pension rights and tend to take the position that pension rights do not vest and cannot be considered by a divorce court unless it is certain that they will mature.

This court has not subscribed to the doctrine that a pension right does not vest until it is certain that benefits will be paid. Rather, we have said that an employee has a vested right with respect to pension benefits from the date of his employment, where a pension plan is in effect and is part of the compensation which he earns, and that this right cannot be altered by the legislative body to his disadvantage unless the change is accompanied by corresponding advantages. *Bakenhus v. Seattle*, 48 Wn.2d 695, 296 P.2d 536 (1956); *Tembruell v. Seattle*, 64 Wn.2d 503, 392 P.2d 453 (1964). Our approach is in accord with that taken by the majority of courts. *See* Annot., *Vested right of pensioner to pension*, 52 A.L.R.2d 437 (1957).

Two California cases are cited by the appellant, *Brown v. Brown*, 27 Cal. App. 3d 188, 103 Cal. Rptr. 510 (1972), and

*Bensing v. Bensing*, 25 Cal. App. 3d 889, 102 Cal. Rptr. 255 (1972). In each of these the husband was eligible to retire but had not done so, and in each the court held that a property right had vested because the only act to be performed was a decision of the husband to retire. It will be seen that these cases tend to support the trial court's action in the case before us.

However, it does appear that the California courts lay stress on the element of certainty of receipt of benefits when considering whether pension rights are community property. *See Williamson v. Williamson,* 203 Cal. App. 2d 8, 21 Cal. Rptr. 164 (1962), and *French v. French,* 17 Cal. 2d 775, 112 P.2d 235, 134 A.L.R. 366 (1941).

This court has taken a more flexible and what we believe to be a more realistic approach to the question of equitable distribution of pension benefits between divorced spouses.

In the recent case of *Payne v. Payne,* 82 Wn.2d 573, 577, 512 P.2d 736 (1973), we sustained an award to the wife of a portion of her husband's military pension which he would be entitled to receive 1 year from the date of the divorce decree. We said:

> Courts today regard military retirement plans and retirement pay as a mode of employee compensation. It is an earned property right which accrues by reason of a specified number of years of service in a particular branch of the armed services.

The Court of Appeals, Division Two, in *DeRevere v. DeRevere,* 5 Wn. App. 741, 491 P.2d 249 (1971), a case involving the same question presented in this case, correctly construed our opinions and held that though the husband's right to a pension had not matured at the time of the divorce, the Superior Court properly considered his contingent retirement benefits as property to be taken into account in making the property division. *See* that case for a scholarly and well-reasoned discussion of the theory and principles upon which this doctrine rests.

These cases do not quite reach the question whether the court can take the expectancy of a pension into account

where the right to receive it depends upon the husband's reenlistment for a period of 1 year or less. We think the proper rule is that the court must consider all the circumstances and evaluate the probability that the party who has a contingent right to a pension will eventually enjoy that pension. The length of time remaining before eligibility matures is a factor for the court to consider; also, the other options open to the person and the likelihood that he may, in the exercise of a reasonable judgment, decide to pursue some other career and abandon his pension rights. Also, the court must take account of the community's investment in the pension system and determine whether, in the event the party entitled to the pension decides to abandon his rights, the community's contribution should nevertheless be considered an asset under his control and be balanced against other assets awarded to the other party. There can be no set rule for determining every case and as in all other cases of property distribution, the trial court must exercise a wise and sound discretion.

Here, the appellant husband had served nearly 19 years of a 20-year minimum required for retirement. Not only did he have no other reasonable prospect of an employment that would make the abandonment of his pension rights financially feasible but he expressly manifested his intent to reenlist. It was therefore virtually certain that the appellant would become entitled to his pension, barring some unforeseen event beyond his control which would cut off his entitlement. The trial court excused the husband from the duty to make the payments if, through no fault of his own, the right to receive payments did not mature.

The court took account of the fact that the community's interest in the pension was proportionate to the community contributions. We do not agree with the appellant that the court's provision for the payment of $180 per month, should he elect not to retire, placed an unconscionable burden upon him. From the date of his eligibility he would be entitled to either a $438 per month pension or to a $1,031.25 salary per month. The court simply gave him the option to

pay the $180 per month, which was the respondent's equitable share of his pension, out of his salary if he chose, allowing him the option of retiring or remaining in the service.

We find no abuse of discretion in the distribution of the property of the parties. The judgment is affirmed.

STAFFORD, C.J., and FINLEY, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.

UTTER, J. (concurring)—I concur in the majority opinion. The facts in this case present the question of whether the right to retired pay which will mature in the future is property to be awarded by the court to the parties in a divorce action. In *Payne v. Payne,* 82 Wn.2d 573, 512 P.2d 736 (1973), a different question was decided. We there faced the question of the trial court's power to award an interest in retired pay, the right to which matured between the time of trial below and the time of argument to this court. To avoid deciding a moot issue, the court chose to treat the question there as one involving a matured right to retired pay.

I agree with the majority insofar as it concludes the right to retired pay in this case is property. Retired pay is not a gift or gratuity as no element of discretion exists to refuse to pay benefits already earned. The fact that the federal government may increase, diminish or abolish the retirement plan does not make it a gratuity as to rights earned during the effective life of the governing statute. *In re Marriage of Karlin,* 24 Cal. App. 3d 25, 101 Cal. Rptr. 240 (1972). Nor is retired pay compensation for duties or obligations performed or incurred after retirment. It is, as the majority notes, deferred compensation already earned. By our opinion today, we reject the view that the right to retired pay which will mature in the future is a mere expectancy. *French v. French,* 17 Cal. 2d 775, 778, 112 P.2d 235, 134 A.L.R. 366 (1941); *In re Marriage of Wilson,* 10 Cal. 3d 851, 519 P.2d 165, 112 Cal. Rptr. 405 (1974). We instead hold it to be of sufficient value for judicial recogni-

tion as property, whether a court considers its value before or after the minimum service required by the statute for retirement. As property it must be distributed by the court in the decree. RCW 26.09.080. *Shaffer v. Shaffer*, 43 Wn.2d 629, 262 P.2d 763 (1953).

I further agree with the majority's extension of our reasoning in nonmilitary retired pay cases to this case, and its holding that a serviceman has a vested right with respect to retired pay benefits from the date of his enlistment. The term "vesting" is, as noted in *DeRevere v. DeRevere*, 5 Wn. App. 741, 744, 491 P.2d 249 (1971), a misnomer. It is used in *DeRevere* and by us only in the sense that it connotes judicial recognition of its status as property.

Where the event has not yet occurred upon which payment is contingent but the employee has accrued contingent benefits by virtue of his employment while married, there is a valuable right which has been purchased with community funds or community labor and the right or interest is community property and is to be valued by what went into earning it. W. deFuniak & M. Vaughn, *Principles of Community Property* § 68, at 149 (2d ed. 1971); *DeRevere v. DeRevere, supra.* In *DeRevere*, at page 745, the court correctly analogized the property rights acquired by the community to those rights developed through life insurance policies. In our insurance cases we have evolved the rule that insurance proceeds are to be apportioned on the basis of the extent to which the community contributed to the total premiums. *Occidental Life Ins. Co. v. Powers*, 192 Wash. 475, 74 P.2d 27, 114 A.L.R. 531 (1937); *In re Coffey's Estate*, 195 Wash. 379, 81 P.2d 283 (1938); *Small v. Bartyzel*, 27 Wn.2d 176, 180, 177 P.2d 391 (1947). *See also In re Marriage of Wilson, supra* at 854-55, and *Bensing v. Bensing*, 25 Cal. App. 3d 889, 102 Cal. Rptr. 255 (1972). Here the community contribution was total, as the parties were married during the entire service period.

To adhere, as many courts have, to a rule that requires a fixed time for vesting coincident with either the maturation of the right to retire or retirement itself, overlooks the

contribution of community labor and its role in building the right to retirement pay. *French v. French, supra.* A community that is in existence at any time during the span in which an interest is being acquired in retirement pay, contributes to the value of that property and should receive recognition at least to the extent its contribution increased the value of the right to retired pay. Its contribution should create a recognizable property right of sufficient value for judicial recognition that must be disposed of on dissolution of the community. *Washington Fruit & Produce Co. v. Yakima,* 3 Wn.2d 152, 100 P.2d 8, 103 P.2d 1106, 128 A.L.R. 159 (1940).

Horowitz, J., concurs with Utter, J.