T.C. Memo. 1996-512


UNITED STATES TAX COURT


ANGELA M. GRAHAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2493-95.                Filed November 19, 1996.


Angela M. Graham, pro se.

<u>Christal W. Hillstead</u>, for respondent.


MEMORANDUM OPINION


DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]   Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of

Respondent determined a deficiency in petitioner's 1991 Federal income tax in the amount of $1,796 and an accuracy-related penalty pursuant to section 6662(a) in the amount of $359.

After concessions[2] the issues for decision are:  (1) Whether $7,258.37 received by petitioner in 1991 as a portion of her former spouse's military retirement pay constitutes gross income; and (2) whether petitioner is liable for the accuracy-related penalty pursuant to section 6662(a).

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference.  Petitioner resided in Spokane, Washington, on the date the petition was filed in this case.

Petitioner and her former husband were married on June 27, 1959, and a son and daughter were born to their marriage.  On March 3, 1980, petitioner and her former husband were divorced. The Superior Court, State of Washington, Spokane County, Decree of Dissolution of Marriage dated March 3, 1980 (Decree), awarded petitioner child support, custody of their daughter, visitation, a division of their community property,[3] and a proportionate

Practice and Procedure.

[2]    In her notice of deficiency, respondent increased petitioner's income by $12,769.  However, the parties agree that petitioner received no more than $7,258.37 of additional income.

[3]    Washington is a community property State.

share of her former husband's military retirement pension.[4]  The

Decree in pertinent part states as follows:

> The parties have agreed, and in view of the
> uncertain state of the law regarding the same, the
> court approves the following arrangement regarding
> allocation of petitioner's future retirement benefits.

> *     *     *     *     *     *     *

> * * * wife shall be awarded an interest in any future
> military retirement received by the * * * husband to be
> computed as follows: An amount equal to one-half of the
> net monthly retirement pay times a fraction, the
> numerator of which shall be 229[5] and the denominator of
> which shall be the total months of the husband's active
> military duty accrued at the time of his retirement.
> Said award of a portion of retirement benefits to * * *
> wife shall continue until the remarriage of the wife,
> at which point her entitlement thereto shall cease.
> * * * husband shall be ordered to execute such
> documents as to provide for direct payment to * * *
> wife by the federal agency involved of her share of
> retirement benefits by way of allotment or otherwise.

In 1980, petitioner began receiving a division of the

community property pursuant to the Decree.  In 1983, petitioner's

former husband retired.  During that year petitioner started

receiving a proportionate share of her former husband's military

retirement pay in accordance with their agreement as incorporated

in the Decree.  During the year in issue, pursuant to the Decree,

petitioner received $7,258.37 of her former husband's military

---

[4]     Petitioner's former husband had served in the military
since 1956 and retired from the Air Force in 1983, after 27 years
of military service.

[5]     Two hundred and twenty-nine months is the number of
months petitioner and her former husband had been married as of
the date of their separation.

retirement pay. That amount was paid directly to petitioner by the U.S. Defense Financing and Accounting Service.

On petitioner's 1991 Federal income tax return, petitioner did not report the $7,258.37 as gross income. Petitioner concedes that the amount received as her share of her former husband's military retirement pay was an award of community property under the Decree. Furthermore, petitioner testified that she was advised in 1983 by her attorney that the receipt of the retirement pay was not taxable. Petitioner testified that the treatment of the retirement pay on her 1991 Federal income tax return was consistent with such advice.

Respondent contends that the military retirement benefits received by petitioner pursuant to the Decree constituted her community portion of those benefits and are taxable to her in the year received. Respondent further posits that the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. sec. 1408(c)(1) (1994), authorizes State courts to treat retirement benefits as community property. Therefore, since the State courts have treated such pensions as community property, see Wilder v. Wilder, 534 P.2d 1355, 1357 (Wash. 1975), the pension received by petitioner in 1991 is taxable to her.

Under section 61(a), gross income includes all income from whatever source derived. Gross income includes pensions. Sec. 61(a)(11). Pensions and retirement allowances paid by the

Government, including military retirement pensions, may constitute gross income. Sec. 1.61-11, Income Tax Regs.

The United States Supreme Court in McCarty v. McCarty, 453 U.S. 210 (1981), held that Federal law as then in effect precluded a State court from dividing military retirement pay as community property. However, in September of 1982, in response to McCarty, Congress enacted the Uniformed Services Former Spouses' Protection Act (USFSPA), Pub. L. 97-252, 96 Stat. 730, which authorized State courts to treat military retirement pay in accordance with State law, thereby allowing State courts to consider military pensions as community assets for distribution in divorce proceedings. That Act was made retroactive to the day before McCarty was decided.

At the time her former husband retired in 1983, the Federal Government, consistent with the USFSPA, began paying to petitioner her designated share of the pension under the Decree. Petitioner concedes that the amount of the pension received in 1991, $7,258.37, represents an award of community property. It therefore constitutes gross income in that year under the general rule of section 61(a)(11). United States v. Mitchell, 403 U.S. 190 (1971); Eatinger v. Commissioner, T.C. Memo. 1990-310. Accordingly, respondent is sustained on this issue.

Next we must consider whether petitioner is liable for the section 6662(a) accuracy-related penalty. Section 6662(a) imposes a 20-percent penalty on the portion of the underpayment

attributable to any one of specified factors, one of which is negligence.  Respondent determined that petitioner is liable for the accuracy-related penalty imposed by section 6662(a), and that the entire underpayment of tax was due to negligence. "Negligence" includes a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations.  Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

However, section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion.  Sec. 6664(c)(1).  The determination of whether a taxpayer acted with reasonable cause and in good faith within the meaning of section 6664(c)(1) is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayer's effort to assess her proper tax liability for the year.  Id. Reliance by the taxpayer on the advice of a qualified adviser will constitute reasonable cause and good faith, if, under all of the facts and circumstances, the reliance by the

taxpayer was reasonable and the taxpayer acted in good faith. Id.

Petitioner testified that she filed her 1991 Federal income tax return based on the advice given to her by her attorney for filing her 1983 Federal income tax return. Petitioner further testified that her 1991 Federal income tax return was filed consistent with prior returns. We find petitioner to have been a credible witness and find that her reliance on the advice of her attorney constituted reasonable cause and good faith.

Based on the record, we hold that petitioner is not liable for the accuracy-related penalty pursuant to section 6662(a).

To reflect the foregoing,

Decision will be entered under Rule 155.