[Civ. No. 23030. In Bank. Mar. 7, 1974.]

In re the Marriage of DOLORES M. and EUGENE T. WILSON.
DOLORES M. WILSON, Respondent, v.
EUGENE T. WILSON, Appellant.

852

## COUNSEL

Elster S. Haile for Appellant.

Philip A. Di Maria for Respondent.

Meta K. Stanley and Gilbert T. Graham as Amici Curiae on behalf of Respondent.

## OPINION

**MOSK, J.**—This is an appeal by husband from a portion of an interlocutory judgment of dissolution of marriage which determined the value of community assets. We granted a hearing upon the petition of respondent wife, supported by an implied invitation from the Court of Appeal, to ascertain the current viability of the rule of *French* v. *French* (1941) 17 Cal.2d 775, 778 [112 P.2d 235, 134 A.L.R. 366], that pension benefits which have not yet vested are a mere expectancy and not subject to division as community property.

 Upon further examination of the record it appears this issue is not properly before us because respondent wife expressly acquiesced in the *French* rule at the trial level and failed to cross-appeal from that portion of the judgment adverse to her interests. (*American Enterprise, Inc.* v. *Van Winkle* (1952) 39 Cal.2d 210, 216 [246 P.2d 935].) Accordingly, resolution of the issue must await timely presentation upon an appropriate record in another case.

The Court of Appeal correctly resolved the principal contention raised by appellant husband, i.e., that the trial court erred in determining pension benefits earned partly before and partly during marriage were wholly community property.[1] We therefore adopt the relevant portion of the opinion of the Court of Appeal prepared by Justice H. C. Brown as and for the opinion of this court. The opinion follows:*

[ ] Husband's pension benefits were based upon two years' service in the National Guard, active duty in the U.S. Marine Corps from 1933 to 1954, and service in the Fleet Reserve for a period of some six years. Of the total of 30 years of Marine Corps service, 13.5 years were served before marriage and 16.017 years were served after marriage. Based upon these figures, the husband claims that only 53.38 percent of the retirement benefits may be considered community property and the balance, being

---

[1] The Court of Appeal also decided that the trial court erred in not awarding wife a community interest in husband's contributions from his earnings to a retirement fund which had not yet vested at the time the marriage was dissolved. Although the broad proposition of law may be correct, the issue was not raised at trial or on appeal and we do not reach it herein.

*Brackets together, in this manner [ ] without enclosing material, are used to indicate deletions from the opinion of the Court of Appeal; brackets enclosing material (other than editor's added parallel citations) are, unless otherwise indicated, used to denote insertions or additions by this court. (See *Chicago Title Ins. Co.* v. *Great Western Financial Corp.* (1968) 69 Cal.2d 305, 311, fn. 2 [70 Cal.Rptr. 849, 444 P.2d 481], and cases cited.)

attributable to the years when he was not married to respondent, should be declared to be his separate property. After retirement from active duty in the Marines, appellant went to work for the post office. At the time of the dissolution of his marriage, he had worked at the post office approximately 18 years and would be eligible for retirement and to receive retirement benefits in about 2 years. During the entire 18 years of service in the post office, appellant was married and contributions were made from his salary toward the retirement fund.

The trial court in dividing the community property determined that the entire U.S. Marine Corps pension was community property. No mention was made by the court of any interest of the wife in the postal pension which required only two years more time of employment by husband before it matured. No demand was made by the wife for a share in the expectant postal pension or for a share in the contributions of the husband to the Postal Retirement Pension Fund, although approximately $6,700 has been contributed during the marriage to that fund from community earnings.

■ We have concluded that the Marine Corps pension rights should have been apportioned between separate and community property, since the years giving rise to the pension were served both before and after marriage. [ ]

Respondent's position in regard to the Marine Corps pension is that the moment of vesting is determinative of whether the pension is community or separate property. We cannot agree.

■ Retirement pay is part of the consideration earned by the employee. (*Sweesy* v. *L. A. etc. Retirement Bd.,* 17 Cal.2d 356, 359-360 [110 P.2d 37]; *Waite* v. *Waite,* 6 Cal.3d 461, 469-470 [99 Cal.Rptr. 325, 492 P.2d 13].) *Only the consideration earned by an employee during marriage is community property. Salary earned prior to marriage is separate property.* (Civ. Code, §§ 5108, 5110.) Pension rights which result from employment both before and after marriage derive from both separate and community property. Like any other asset which has its source in both separate and community property, the retirement pension fund must be apportioned upon division of the assets. (See *Estate of Fellows,* 106 Cal.App. 681, 683-684 [289 P. 887].)

Respondent argues that the case of *Cheney* v. *City & County of San Francisco,* 7 Cal.2d 565 [61 P.2d 754], supports her position. In *Cheney,* the wife of a deceased employee and his mother were in conflict over the disposition of a lump sum payment from the employees' retirement fund. The holding of the court was that a prenuptial agreement between husband

and wife providing that after marriage the earnings of each should be the separate property of the spouse so earning was valid and binding. The fund thus went to the named beneficiary as the separate property of the husband. In arriving at its decision, the court stated that the fund except for the agreement would be community property. The deceased had entered employment in 1929, married in 1932, and died in 1933. The question of apportionment of the fund between separate and community was not before the court and its treatment of the entire fund as community, absent an agreement to the contrary, is dicta. Later statements [ ] in *Waite* v. *Waite, supra,* 6 Cal.3d 461 indicate that [ ] [we] would apportion a pension fund on the basis of the proportion earned before and after marriage. Thus the court said at page 471: "Whether a pension plan provides for fixed or variable payments, and whether adjustments occur automatically or require legislation, the basic point remains that the pension payment serves as a remuneration for services rendered by the employee; if these services were discharged during the marriage, that remuneration must compose a community asset." [See also *In re Marriage of Fithian* (1974) 10 Cal.3d 592 [111 Cal.Rptr. 369, 517 P.2d 449].]

Although the California appellate courts have not been called upon to rule directly on this point, in two recent cases, apportionment of pension rights between separate and community has been approved without discussion. In *Bensing* v. *Bensing,* 25 Cal.App.3d 889 [102 Cal.Rptr. 255], when husband had a number of years of military service prior to the marriage, [the Court of Appeal] approved the apportionment of the pension between the years served prior to marriage and the years during marriage. The court in *Brown* v. *Brown,* 27 Cal.App.3d 188 [103 Cal.Rptr. 510], remanded the cause to the trial court for further proceedings to determine what portion of the pension rights should be declared community property. (See also *Mora* v. *Mora* (Tex.Civ.App.) 429 S.W.2d 660; *LeClert* v. *LeClert,* 80 N.M. 235 [453 P.2d 755].)

We conclude that the trial court erred in failing to take into account that part of the Marine Corps pension which may be attributable to his military service prior to marriage and which should be declared to be his separate property. [ ]

The appellant argues that the Marine Corps pension rights should be reduced to their "present value," using 6 percent discount tables. The appellant cites no authority for this position but merely argues that this must be done "to effect a substantially equal division of the property," as required by Civil Code section 4800 because all other community property assets were divided at their "present value." This ignores the

fact that the wife's rights in the pension plan are not to be paid to her at present but from each pension payment as it is received. No valuation would even normally need to be made of total pension rights for if other community assets were divided equally, the wife could merely have been awarded a percentage of each pension payment despite the fact that such a method of payment subjects respondent to the risk of losing the payments should the appellant die before she does. (See *Waite* v. *Waite, supra,* at pp. 473-474; *Bensing* v. *Bensing, supra,* at p. 894.) Valuation was necessary here since other community assets were not divided equally, the wife receiving the larger amount.

■ The appellant also contends that it is more equitable to use the net amount of the pension payments after income tax has been deducted in determining the amount the respondent should receive. This would be improper. The respondent having been declared owner of a percentage of the pension rights as her share of the community property will presumably pay income taxes on the amount she receives. Furthermore, the income tax witheld is not a determination of tax liability but a requirement imposed upon the employer. The amount of withholding depends on various factors and the ultimate tax liability may result in a refund.

The judgment, so far as it awarded the community property and fixed spousal support, is reversed. The matter is remanded to the trial court for division of the community property in conformity with this decision and for reconsideration of the amount to be awarded to the wife for her support.

Wright, C. J., McComb, J., Tobriner, J., Burke, J., Sullivan, J., and Clark, J., concurred.