[Civ. No. 34729. First Dist., Div. One. July 28, 1975.]

In re the Marriage of WYVETTE A. and ROBERT B. WARD.
WYVETTE A. WARD, Appellant, v.
ROBERT B. WARD, Respondent.

**COUNSEL**

Carley, Love, Small & Munro, Thoits, Lehman, Hanna & Love and William S. Love for Appellant.

Jarvis & Irvine and Perry A. Irvine for Respondent.

**OPINION**

**MOLINARI, P. J.—** It is the settled law of this state that " 'retirement benefits which flow from the employment relationship, *to*

*the extent they have vested,* are community property subject to equal division between the spouses in the event the marriage is dissolved.' " (Italics added.) (*Smith* v. *Lewis,* 13 Cal.3d 349, 355 [118 Cal.Rptr. 621, 530 P.2d 589]; *In re Marriage of Fithian,* 10 Cal.3d 592, 596 [111 Cal.Rptr. 369, 517 P.2d 449].) Such "retirement pay is community property because it is compensation for services rendered in the past," and during the marriage. (*Smith* v. *Lewis, supra,* p. 357; *French* v. *French,* 17 Cal.2d 775, 778 [112 P.2d 235, 134 A.L.R. 366].) ▉ "The right to retirement benefits 'vests' when an employee acquires an irrevocable interest in a fund created by his own contributions and/or the contributions of his employer. The 'vesting' of retirement benefits must be distinguished from the 'maturing' of those benefits, which occurs only after the conditions precedent to the payment of the benefits have taken place or are within the control of the employee." (*In re Marriage of Fithian, supra,* p. 596, fn. 2.)

The instant appeal was taken on the judgment roll; we have not been furnished with a record of the oral proceedings, or evidence adduced, at the trial.

▉ We construe the parties' briefs as presenting for our consideration the single question whether retirement benefits resulting from employment during marriage which vest in an employee after his marital separation, but before entry of an interlocutory decree dissolving the marriage, are community property subject to equal division with his spouse upon dissolution of the marriage.

The briefs of the parties are in substantial agreement on the following facts. At the time of their separation petitioner Wyvette Ward and respondent Robert Ward had been married to each other during the entire period of Robert's corporate employment. Twelve days following their separation certain retirement benefit rights of his employment *vested* in Robert; they would *mature* several years later when he reached a designated retirement age. Thereafter, in the couple's marriage dissolution proceedings, Wyvette asserted a claim on those rights as community property. The trial court ruled, in effect, that having vested in Robert *after the parties' separation,* they were not community property. Judgment was entered accordingly and Wyvette appealed.

Robert bases his claim that the retirement benefit rights are his separate property on Civil Code section 5118 which, as relevant, provides:

"The earnings and accumulations of a spouse . . . while living separate and apart from the other spouse, are the separate property of the spouse."

He argues that his retirement benefit rights must be deemed to have been "earned and accumulated" on the day that they vested in him, i.e., 12 days after the parties' separation.

We cannot agree.

It is established law that pension rights of a spouse resulting from his *employment during marriage* are community property. As was said in *Benson* v. *City of Los Angeles,* 60 Cal.2d 355, 359 [33 Cal.Rptr. 257, 384 P.2d 649], "It necessarily follows that pension rights which are *earned during the course of a marriage* are the community property of the employee and his wife." (Italics added.) This rule was reiterated in *Phillipson* v. *Board of Administration,* 3 Cal.3d 32, 40 [89 Cal.Rptr. 61, 473 P.2d 765], and *Cavitt* v. *City of Los Angeles,* 251 Cal.App.2d 623, 626 [59 Cal.Rptr. 690]. Another expression of the rule is found in *Waite* v. *Waite,* 6 Cal.3d 461, 471 [99 Cal.Rptr. 325, 492 P.2d 13], where it was said: "[T]he basic point remains that the pension payment serves as a remuneration for services rendered by the employee; *if those services were discharged during the marriage, that remuneration must compose a community asset."* (Italics added.)

These cases, holding that a spouse's retirement benefit rights "are *earned* during the course of the marriage" (italics added), and are accordingly community property, indicate the invalidity of the theory advanced by Robert that the retirement benefit rights at issue were accumulated and earned by him during the short period between the separation, and marriage dissolution, of the parties.

The subject retirement benefits had vested before dissolution of the marriage. They accordingly constituted, as said in *In re Marriage of Jones,* 13 Cal.3d 457, 461 [119 Cal.Rptr. 108, 531 P.2d 420], "a community asset subject to *division upon dissolution."* (Italics added.) And in the language of *In re Marriage of Fithian, supra,* 10 Cal.3d 592, 596, they were "community property subject to equal division between the spouses *in the event the marriage is dissolved."* (Italics added.)

Also of assistance to us is the recent holding of *In re Marriage of Imperato,* 45 Cal.App.3d 432, 435-436 [119 Cal.Rptr. 590], that Civil

Code section 5118 does not change the rule as to the date of valuation of community property, but merely removes the earnings and accumulations of the spouses after their separation, from the community property.

Since the retirement benefits were *earned* during the parties' marriage, and before their separation, Civil Code section 5118 relating to the "earnings and accumulations" of a separated spouse is patently inapplicable.[1]

We take notice of a statement of Robert's brief purporting to construe his employer's retirement plan, but without argument or elaboration, as follows: "Furthermore, under Sections 7.01 and 7.02 of the Plan, the benefits of even fully vested members are subject to complete loss at any time in the discretion of the Company." We have not been furnished a copy of the "Plan" or of its "Sections 7.01 and 7.02." Elsewhere throughout their briefs the parties treat Robert's retirement benefit rights as having *vested* 12 days after the marital separation. And if Robert's stated construction of "Sections 7.01 and 7.02" is an argument that his rights had not vested, the contention is wholly inconsistent with another assertion of his brief, i.e., "The question which is squarely presented, and which is one of first impression is: Is the determination of the value and existence of community property to be made as of the date of separation of the parties, or as of the date that the matter fortuitously comes on for trial?" We treat the *vesting* of Robert's retirement benefit rights 12 days after the parties' separation as a conceded fact of the case.

We hold that Robert's retirement benefit rights were the community property of the parties, which should have been divided equally in some appropriate manner by the superior court.

The interlocutory judgment of dissolution of marriage will be modified by the superior court in a manner not inconsistent with our opinion; as so modified it is affirmed.

Elkington, J., and Weinberger, J.,* concurred.

---

[1]We recognize that 12 of the 3,650 days during which the subject retirement benefit rights were earned, did follow the parties' separation thus, by virtue of section 5118, reserving to Robert 12/3,650 of those earnings as his separate property. The parties apparently treat this consideration as *de minimis* (see Civ. Code, § 3533); we do also.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.