[Civ. No. 14564. Third Dist. Aug. 11, 1975.]

In re the Marriage of MARGARET ANNE
and FORD NELSON MARTIN.
FORD NELSON MARTIN, Appellant, v.
MARGARET ANNE MARTIN, Respondent.

**COUNSEL**

F. William Fennell for Appellant.

Donald E. Huckins for Respondent.

**OPINION**

**EVANS, J.**—This is an appeal in a dissolution proceeding in which the appellant husband claims the court erred in declaring his military retirement benefits to be community property and subject to immediate division, although he had not then retired.

The appeal comes to us on an agreed statement pursuant to rule 6 of the California Rules of Court. The statement reflects that appellant was a chief master sergeant in the Air Force. During 21 years of marriage and for three years prior to marriage, appellant had been in military service. He was eligible for retirement, but at the time of the dissolution proceeding, was still on active duty. Had appellant retired in 1972, the year of separation, he would have received $571.68 per month as

retirement pay; $503.08 was the community portion of the retirement pay; and respondent's share would be $251.54.

Prior to trial, the parties agreed upon all issues framed by the pleadings with the exception of the division of the retirement pay. The trial court adopted the stipulation for division of property and payment of support and in the interlocutory judgment of dissolution ordered division of the military retirement pay as follows: " . . . the community share of the husband's military retirement fund as of the date of separation is 88%, or $503.88 [*sic*] as of the date of separation, of which $251.54 is the wife's share, and that the respondent is ordered to pay petitioner, as and for her community share of the retirement fund, the sum of $251.54, commencing December 15, 1973 and continuing monthly thereafter so long as both petitioner and respondent shall live, but to terminate upon the death of the husband or wife. [¶] DATED: 12-28-73."

■ Appellant's sole contention is that payment to respondent of her share of his vested retirement with the military as a community asset should only begin upon his retirement.

The Supreme Court in *In re Marriage of Fithian* (1974) 10 Cal.3d 592, at page 596 [111 Cal.Rptr. 369, 517 P.2d 449] stated, "The law is settled in California that retirement benefits which flow from the employment relationship, to the extent they have vested [fn. omitted], are community property subject to equal division between the spouses in the event the marriage is dissolved. [Citations.]" (See also *In re Marriage of Peterson* (1974) 41 Cal.App.3d 642, 649 [115 Cal.Rptr. 184].)

It is conceded by appellant that he was entitled to retire from the United States Air Force after 20 years of service. At the time of the hearing on the petition for dissolution, appellant had accumulated 24 years of service.

The court, in *In re Marriage of Brown* (1972) 27 Cal.App.3d 188, 191 [103 Cal.Rptr. 510], stated under these circumstances, "Ordinarily, military retirement benefits are not divisible as community property as long as they are a mere expectancy. (*French* v. *French,* 17 Cal.2d 775, 778 [112 P.2d 235, 134 A.L.R. 366].) But where a spouse is eligible for retirement from the military and the only condition to the payment of benefits is the spouse's application for them, the benefits should be divided as part of the community property. To rule otherwise would

mean that one spouse could be deprived of any share in retirement benefits by the decision of the other spouse to delay retirement until after dissolution proceedings are concluded. (*Bensing* v. *Bensing*, 25 Cal.App.3d 889, 893 [102 Cal.Rptr. 255].)"

The appellant has completed the required number of years of service and is eligible for a pension. This fact is not in dispute. He need only apply for the pension benefits to receive them. The only condition to the payment of pension benefits is a condition entirely within Sergeant Martin's control, and that is not an uncertainty precluding division of the asset upon dissolution of marriage. This doctrine was espoused in *Waite* v. *Waite* (1972) 6 Cal.3d 461, 472 [99 Cal.Rptr. 325, 492 P.2d 13], where the court held that the pension benefits of a retired California judge were community property and divisible upon divorce. There, husband appellant argued that retired judges do not enjoy an unconditional and vested right to pension payments because the acceptance by a retired judge of a temporary judicial assignment reduces his pension to the extent of the salary he receives. The court in rejecting that argument stated, "Yet the choice of whether or not the judge accepts future judicial assignments, if any are offered by the Chairman of the Judicial Council, lies with the judge; the exercise of any right accorded by the Judges' Retirement Law is completely within his control; hence this option does not reduce the pension to a 'conditional' one. Defendant's rights under the Judges' Retirement Law, coupled with his power to refuse further judicial assignment, render his pension fully as secured, as 'vested,' as that of any other public employee." (*Ibid.,* at p. 472.)

In *Bensing* v. *Bensing* (1972) 25 Cal.App.3d 889 [102 Cal.Rptr. 255], appellant was a major in the Air Force, with 28 years of military service. He was eligible for retirement at the time of the dissolution but had not yet elected to take his retirement. The court, in ordering appellant to pay respondent her share of the retirement benefits found to be community property at a monthly rate commencing prior to appellant's retirement stated, at page 893, "Thus, the only condition to the payment of pension benefits is a condition entirely within Major Bensing's control and this is not the type of uncertainty *which* precludes division upon divorce. . . . to accept appellant's argument would mean that a spouse could be deprived of any share of matured pension rights by the decision of the employee to delay retirement until after the divorce proceedings were concluded. This would deprive respondent of her share of the community's most substantial asset." (Italics added.)

The trial court correctly ordered as a division of community property payment to respondent of $251.54 per month starting December 15, 1973, and continuing as long as both petitioner and respondent lived, but to terminate upon the death of either. Inasmuch as appellant at the time of the dissolution hearing was entitled to receive his retirement benefits, so is the respondent entitled to receive her share of that community asset. To defer distribution of this community asset until the retirement of appellant would deprive respondent of her share of a substantial community asset.

The judgment appealed from is affirmed.

Friedman, Acting P. J., and Regan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 9, 1975.