[Civ. No. 14150. Fourth Dist., Div. One. Apr. 15, 1976.]

In re the Marriage of PATRICIA A. and ROY E. FREIBERG.
ROY E. FREIBERG, Appellant, v.
PATRICIA A. FREIBERG, Respondent.

**COUNSEL**

Jack Galen Whitney for Appellant.

Robert A. Bowler for Respondent.

## Opinion

COUGHLIN, J.*—On appeal to this court the judgment in this case was reversed in part and affirmed in part by our decision and opinion filed October 6, 1975. The Supreme Court granted a petition for hearing; transferred the cause to that court; and, thereafter, retransferred the cause to this court for reconsideration in the light of *In re Marriage of Brown*, 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561].

Roy E. Freiberg and Patricia A. Freiberg respectively were husband and wife; had been married for 12 years prior to their separation; and are the subjects of an interlocutory judgment of dissolution of marriage from which the husband has appealed.

Commencing five years before marriage the husband became and ever since has been an active member of the United States Navy. Upon the expiration of 20 years of service, he may, in the discretion of the President of the United States, be retired under title 10 United States Code, section 6323, with entitlement to retirement pay; or he may delay his retirement; and has expressed his intention to remain in active service until he has served at least 30 years in the Navy.

The court concluded the wife had a community interest in the husband's retirement benefits and provided a method for payment of a share thereof to the wife when received by the husband.

At the time of separation the husband's retirement rights were nonvested, but would become vested within 3 years if he remained in the Navy, i.e., upon the expiration of 20 years of active service.

In discussing the issues involved in this case we use the terms vested, nonvested and matured retirement rights in the sense those terms are used in *In re Marriage of Brown, supra,* 15 Cal.3d 838, 842.

The issues on appeal concern the nonvested retirement rights of the husband[1] under a retirement plan in which he was a participant

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]The husband, in his brief, states his appeal is only from that portion of the judgment determining the wife has a community interest in the retirement benefits and providing for payment thereof. However, his notice of appeal states he appeals from the judgment of dissolution, referred to as an "order," in favor of respondent (wife) and against petitioner (husband), "and from the whole thereof."

before, during and after marriage. Under the decision in *Brown* the rights acquired during marriage were community property and subject to disposition by the court in the dissolution proceedings. The husband's contention nonvested retirement rights are not community property is foreclosed by *Brown*. Nevertheless, he contends the judgment should be reversed because the court erred in the division and distribution of the benefits payable under these rights. That part of the judgment dividing them provides: "Based upon the parties' twelve-year marriage during the Petitioner's military service and the Petitioner's continuing military service, the community property interest earned during the marriage in the Petitioner's monthly retirement payments as a result of said military service is twelve years, and the Petitioner shall pay to the Respondent her proportionate share as long as she lives when and as said monthly retirement benefit is paid to the Petitioner. Respondent shall pay taxes due on any sums she receives from said retirement. Petitioner shall not be obligated to pay taxes on any sums paid to Respondent. Petitioner, then, shall pay to Respondent as long as she lives, that portion of the total monthly retirement payment before taxes and deductions, which equals one-half of the ratio of twelve years to the total number of years the Petitioner has in military service at the time of his retirement . . . ."

Under the present law, the husband, upon retirement, "is entitled to retired pay at the rate of 2½ percent of the basic pay of the grade in which retired multiplied by the number of years of service that may be credited to him . . ." (10 U.S.C. § 6323(e).)

At the time of separation the husband's basic pay was $918.90 per month. He contends the formula used by the court to divide and distribute the community share of the retirement benefits effects a division and distribution of a part of his separate share as well as the community share therein. This contention is based on the claim the payments to the wife pursuant to the judgment will include retirement benefits he will have earned after he and his wife separated, because the amount of the payments he will receive upon retirement will be fixed not only by the number of years of his service but also by the amount of his basic pay at the time of retirement which, he claims, will be considerably higher than the amount of his basic pay at the time of separation; and, for this reason, the formula used by the court should be applied to assumed retirement payments premised on the number of years of his service at the time of retirement and the amount of his basic pay at the

time of separation, i.e., $918.90, rather than the amount of his basic pay at the time of retirement.

■ Upon dissolution of a marriage during which a husband continues to participate in a retirement plan in which he had participated before marriage, it is the duty of the court to determine what part of the retirement rights under that plan is community and what part is separate property; to divide the community part; and to distribute the parts thus divided. The decision discharging each duty involves a consideration of overlapping factors. A review of the total effect thereof requires an analysis of the judgment in the light of the effect of each decision upon and its relationship to the total effect which, in substance, constitutes the judgment.

■ To determine what part of the retirement rights is community the court is governed by the rule such rights are part of the consideration earned by the participant for services rendered (*In re Marriage of Wilson,* 10 Cal.3d 851, 854 [112 Cal.Rptr. 405, 519 P.2d 165]; *In re Marriage of Fithian,* 10 Cal.3d 592, 596 [111 Cal.Rptr. 369, 517 P.2d 449]). When the participant is a member of the Armed Services, as in the case at bench, his retirement rights are part of the consideration earned by him for his services as such member (*In re Marriage of Wilson, supra,* 10 Cal.3d 851, 854; *In re Marriage of Fithian, supra,* 10 Cal.3d 592, 595), or, stated otherwise, are part of his earnings from military service (*Benson* v. *City of Los Angeles,* 60 Cal.2d 355, 359 [33 Cal.Rptr. 257, 384 P.2d 649]).

■ The retirement rights over which the court has jurisdiction in a dissolution proceeding are the rights to which a participant is entitled under a particular retirement plan. In some cases these rights are referred to as pension rights (*Phillipson* v. *Board of Administration,* 3 Cal.3d 32, 40 [89 Cal.Rptr. 61, 473 P.2d 765]), retirement pay (*In re Marriage of Wilson, supra,* 10 Cal.3d 851, 854), or retirement benefits (*In re Marriage of Fithian, supra,* 10 Cal.3d 592, 596; *Phillipson* v. *Board of Administration, supra,* 3 Cal.3d 32, 38). These references must be viewed in the context of the circumstances of the case in which they appear. By whatever nomenclature they may be identified the retirement rights under a particular retirement plan are defined by the plan (*Benson* v. *City of Los Angeles, supra,* 60 Cal.2d 355, 360-361). In the case at bench the retirement rights of the husband are defined by an Act of Congress, i.e., title 10, United States Code, section 6323(e), which directs, upon retirement, he shall be entitled to retired pay at the rate of 2½ percent of

the basic pay he received when retired multiplied by the number of years of service credited to him. ■ As to these rights, that part thereof earned before marriage was separate property, that part thereof during marriage and before separation was community property and that part earned after separation was separate property (Civ. Code, § 5118; *In re Marriage of Ward*, 50 Cal.App.3d 150, 154 [123 Cal.Rptr. 234]; *In re Marriage of Imperato*, 45 Cal.App.3d 432, 437 [119 Cal.Rptr. 590]).

■ The apportionment of retirement rights between separate and community estates may be made upon the basis of the number of years of service during marriage, on the one hand, and the number of years of service before marriage and after separation, on the other (*In re Marriage of Wilson, supra*, 10 Cal.3d 851, 855; *Waite v. Waite*, 6 Cal.3d 461, 469 [99 Cal.Rptr. 325, 492 P.2d 13]; *In re Marriage of Martin*, 50 Cal.App.3d 581 [123 Cal.Rptr. 634]; *Bensing v. Bensing*, 25 Cal.App.3d 889, 892-893 [102 Cal.Rptr. 255]). ■ The trial court followed this rule and decreed that part of the retirement rights were community property as 12 years bears to the total number of years of the husband's service in the Navy at the time of retirement.

By its judgment the court divided the community retirement rights equally between the parties. Its decision conformed to the governing rule (Civ. Code, § 4800, subd. (a); *Smith v. Lewis*, 13 Cal.3d 349, 355 [118 Cal.Rptr. 621, 530 P.2d 589]; *In re Marriage of Fithian, supra*, 10 Cal.3d 592, 596; *In re Marriage of Ward, supra*, 50 Cal.App.3d 150, 154). Thus, in substance, upon and at the time of dissolution the husband was the owner of that part of the retirement rights earned before marriage plus one-half of the part earned during marriage, while the wife was the owner of one-half of the part earned during marriage. In each instance the rights were the same although the quantitative interest of the husband therein was greater than the quantitative interest of the wife. By virtue of the judgment the same rights qualitatively were shared by the husband and the wife; in effect, although not actually, they became joint owners or joint participants qualitatively in the same rights. By analogy, as stated in *Phillipson v. Board of Administration, supra*, 3 Cal.3d 32, 50, both of them "own community property rights in the pension fund that are of equal stature." Likewise, each of them became entitled to share in the benefits provided by the retirement plan. The benefits to which the husband is entitled under the plan, except as to amount, are the same as the benefits to which the wife is entitled. Stated more specifically, each of them is entitled to a share of a retirement payment in an amount equalling 2½

percent of the husband's basic pay upon retirement multiplied by the number of years of his service at that time.

Pertinent is the statement of the court in *Waite* v. *Waite, supra,* 6 Cal.3d 461, 471, that, "The plan of payment of the pension—whether fixed, or reflective of subsequent salary increases in the relevant position—does not change the nature of the right to the pension. The right flows from the services rendered by the employee during marriage; the manner of the expression of the right does not distort it or alter its community characteristic."

To effect distribution of the retirement rights between the parties, the court adopted a formula by which their respective interests in those rights might be distributed on the date when they matured; and directed, in effect, the interest of the wife would be that pro rata portion of the monthly retirement pay which six years bears to the total number of years of the husband's service at the time of his retirement.[2] The fact the husband's basic pay at the time of retirement would be his separate property is alien to the retirement rights of the parties (see *Waite* v. *Waite, supra,* 6 Cal.3d 461, 471). When the husband earned retirement rights during his marriage these rights entitled him, and his wife in the event she thereafter was awarded a share thereof, to monthly retirement pay equalling a percentage of his monthly basic pay at the time of retirement multiplied by the number of years of service at the time of retirement. In the event the basic pay the husband received at the time of retirement had been reduced to an amount less than his basic pay at the time of dissolution of marriage, the wife, under the method of distribution adopted by the court, would receive less than she would have received otherwise. The court did not interfere with the right of the husband to determine when he might retire and thus determine when his retirement rights would mature, the years of service with which he would be credited, and the basic pay upon which his retired pay would be computed. The time when the monthly retirement payments will commence and the amount of those payments, as between the husband and the wife, are entirely within the control of the husband (gen., see *Waite* v. *Waite, supra,* 6 Cal.3d 461, 472; *In re Marriage of Martin, supra,* 50 Cal.App.3d 581, 584; *Bensing* v. *Bensing, supra,* 25 Cal.App.3d 889, 893).

---

[2] The formula as stated by the court directed the husband to pay the wife that portion of the monthly retirements which equals one-half of the ratio of 12 years to the total number of years the husband has in the military service at the time of his retirement.

In dissolution proceedings the courts have used various methods to effect distribution of the community interest in retirement rights (gen., see *In re Marriage of Wilson, supra,* 10 Cal.3d 851, 855-856; *In re Marriage of Fithian, supra,* 10 Cal.3d 592, 595; *Waite* v. *Waite, supra,* 6 Cal.3d 461, 469; *Phillipson* v. *Board of Administration, supra,* 3 Cal.3d 32, 46; *In re Marriage of Martin, supra,* 50 Cal.App.3d 581, 583-585; *Bensing* v. *Bensing, supra,* 25 Cal.App.3d 889, 893). Noteworthy in this regard are the statements in *In re Marriage of Brown, supra,* 15 Cal.3d 838, 848, that "In dividing nonvested pension rights as community property the court must take account of the possibility that death or termination of employment may destroy those rights before they mature. In some cases the trial court may be able to evaluate this risk in determining the present value of those rights. [Citations.] But if the court concludes that because of uncertainties affecting the vesting or maturation of the pension that it should not attempt to divide the present value of pension rights, it can instead award each spouse an appropriate portion of each pension payment as it is paid. This method of dividing the community interest in the pension renders it unnecessary for the court to compute the present value of the pension rights, and divides equally the risk that the pension will fail to vest"; and in a footnote, "Our suggestion in *Phillipson* v. *Board of Administration, supra,* 3 Cal.3d 32, 46, that when feasible the trial court should award the employee all pension rights and compensate his spouse with other property of equal value, was not intended to tie the hands of the trial court. That court retains the discretion to divide the community assets in any fashion which complies with the provisions of Civil Code section 4800." (*In re Marriage of Brown, supra,* 15 Cal.3d 838, 848, fn. 10.)

In the event the court divides retirement rights by awarding each spouse a share in future payments under the retirement plan, it may retain jurisdiction to supervise the payments of these benefits (*In re Marriage of Brown, supra,* 15 Cal.3d 838, 849).

As a general rule, in selecting a method to effect distribution of the community interest in retirement rights the court acts in the exercise of judicial discretion and its determination respecting such will not be interfered with on appeal unless an abuse of discretion is shown. The criterion governing judicial action is reasonableness under the circumstances. The method adopted may vary with the facts in each case.

It has not been shown the decision of the trial court adopting the method of distribution provided in its judgment constituted an abuse of

discretion. The husband expressed his intention to remain in service for a number of years. Assuming his future basic pay will be increased, postponing the date of retirement will benefit him as well as the wife. On the other hand, postponement involves the possibility of loss of benefits to the wife by his or her death before retirement. The husband does not attack that part of the judgment dividing the remaining community property. It is not shown or contended the value of the wife's interest in the community retirement rights could have been offset by the husband's interest in other community property so as to permit an award to him of all the community retirement rights. The husband's basic pay at the time of dissolution was $1,140.48[3] per month, which was subject to income taxes and other deductions in the total sum of $195, an award of $220 a month for the support of his two minor children, ages 9 and 11 years, an award of $100 a month for spousal support, and monthly installment payments in the sum of $412. Both parties agreed their residence should be sold and the proceeds divided between them equally subject to the payment of community debts and to offsets as determined by the court. The court did not determine the value of the residence. However, there was no evidence of its value. The husband testified the community indebtedness approximated $5,081.

Implied in the judgment is a finding it would not be feasible to offset an award to the husband of the wife's share in the community retirement rights by an award to her of the husband's interest in other community property, or by an award to her of an amount equating the value of her share in the retirement rights, payable in cash or in reasonable monthly installments. The evidence supports such a finding.

The judgment is affirmed.

Brown (Gerald), P. J., and Ault, J., concurred.

[3]The husband received an increase in salary following separation. i.e., from $918.90 per month to $1,140.48.