[Civ. No. 47400. Second Dist., Div. Five. Nov. 24, 1976.]

In re the Marriage of IDA JEAN and FLOYD SHERMAN ADAMS.
IDA JEAN ADAMS, Appellant, v.
FLOYD SHERMAN ADAMS, Appellant.

**COUNSEL**

Theodore C. Eckerman for Appellant Husband.

Bernard Lauer for Appellant Wife.

**OPINION**

**HASTINGS, J.—**

STATEMENT OF FACTS

Floyd Sherman Adams (husband), appellant, and Ida Jean Adams (wife), respondent, were married on July 27, 1947. On March 1, 1949, husband was employed by the City of Pasadena as a fireman and served in that capacity until 1962, at which time he became a fire inspector. The parties separated on September 30, 1970. Thereafter, wife filed an action for dissolution of marriage, and on January 31, 1972, an interlocutory judgment of dissolution was entered reserving all issues other than the matter of dissolution for decision by further judgment. On March 21, 1973, trial was held upon the reserved issues, and a further judgment was entered that awarded wife alimony and distributed the community property assets except for husband's retirement benefits.[1]

At the time of the second hearing, husband had not retired; therefore, the court reserved jurisdiction to determine the apportionment of husband's retirement benefits until after his retirement. He retired as of October 31, 1974, and the delayed hearing was held in March 1975, in order to determine the community property and separate property portions of his retirement benefits. At that hearing the following facts were introduced into evidence: On January 18, 1972 (date of dissolution hearing), husband had participated in his retirement plan for 22.88 years, was 50.25 years old, and had a salary of $991.24 per month. At that date, he had a vested interest to a monthly retirement allowance of $459.44. When husband retired on October 31, 1974, he had 25.67 years of service, was 53 years old, and had a salary of $1,341.75. His monthly retirement allotment had increased to $805.31.

The trial court apportioned the benefits according to the ratio of years of service during marriage, compared to years of service not during marriage[2] and determined that the community property interest was 89.13 percent and his separate property interest was 10.87 percent. Accordingly, out of the $805.31 per month retirement benefit, wife was given $358.89 per month and husband $446.42 per month.

[1]Husband was entitled to annuity and pension benefits. We have grouped the two under the general heading of "retirement benefits" for purposes of this opinion.

[2]The court used the date of dissolution of the marriage in determining the above ratios. It should have been the date of separation, as discussed *infra* (see fn. 7).

## CONTENTIONS OF PARTIES

Husband raises two issues on appeal: (1) The retirement plan was vested; therefore, the court was required to value the community property interest as of the date of dissolution and not on the date of retirement. (2) In the event the later date is proper, the increase in his retirement benefits after date of dissolution was based upon his increase in salary, his advance in age, and his additional time spent on the job, and it should be considered his separate property. (See Civil Code, § 5118.)[3]

It is wife's position that the trial court properly exercised its judicial discretion and apportioned the retirement benefits in an equitable manner. Wife, by cross-appeal, raises the issue that she was entitled to attorney's fees for services rendered in connection with the hearing to apportion the retirement benefits, and that the court abused its discretion in not awarding her such fees.

## DISCUSSION

The computation and apportionment of a nonemployee spouse's interest in present or future retirement benefits on dissolution of marriage can often be abstruse. Almost each case dealing with a different kind of retirement plan is *sui generis*. Complicated issues of apportionment can arise from retirement benefits that include community and separate property interests, especially when Civil Code section 5118, *supra*, comes into play. The instant case presents such an example. Two recent cases deal with apportionment of vested interests:[4] In *In re Marriage of Martin*, 50 Cal.App.3d 581 [123 Cal.Rptr. 634], the husband had completed the required number of years of military service and was eligible for a pension. On the date of separation, he had a vested interest that was capable of computation. The community property interest was determined to be $503.08, of which $251.54 would be the wife's share. Husband, however, had not retired, so he was not receiving the monthly pension payments. He contended that wife's payments should commence only upon his retirement. The court rejected this argument, stating that the only condition to the payment of pension benefits was a condition

---

[3]Civil Code, section 5118 provides: "The earnings and accumulations of a spouse and the minor children living with, or in the custody of, the spouse, while living separate and apart from the other spouse, are the separate property of the spouse."

[4]See *In re Marriage of Brown*, 15 Cal.3d 838, 842 [126 Cal.Rptr. 633, 544 P.2d 561], for definition of vested retirement benefits.

entirely within husband's control, and that such an uncertainty did not preclude division of the asset upon dissolution of marriage. (See also *Waite* v. *Waite,* 6 Cal.3d 461, 472 [99 Cal.Rptr. 325, 492 P.2d 13].) The *Martin* court cited *Bensing* v. *Bensing,* 25 Cal.App.3d 889 [102 Cal.Rptr. 255], where the court, in ordering husband to pay wife her community share of the retirement benefits at a monthly rate commencing prior to husband's retirement, stated on page 893: ". . . to accept appellant's argument would mean that a spouse could be deprived of any share of matured pension rights by the decision of the employee to delay retirement until after the divorce proceedings were concluded. This would deprive respondent of her share of the community's most substantial asset."

And in *In re Marriage of Ward,* 50 Cal.App.3d 150 [123 Cal.Rptr. 234], husband's pension rights vested 12 days after the parties' separation. He argued that his retirement benefits must be deemed to have been "earned and accumulated" on the day that they vested in him. The court rejected his argument, pointing out that pension rights which are earned during the course of a marriage are the community property of the employee and his wife. It then held that the percentage of the community interest in the pension benefits had to be fixed as of *the date of separation,* and that husband had a separate property interest in the pension plan for the 12 days that his employment earned after the separation. *Ward* cited this court's opinion of *In re Marriage of Imperato,* 45 Cal.App.3d 432 [119 Cal.Rptr. 590], which held that Civil Code section 5118 does not change the rule as to the date of valuation of community property, but merely removes the earnings and accumulations of the spouses after their separation, from the community property.

## DISPOSITION

■ Husband argues that the court was required to value the community interest in the retirement benefits as of the date of dissolution (value $459.44) instead of date of retirement (value $805.31). His argument, under the facts of this case, is incorrect. A hurried reading of *Martin* would seem to support his contention; however, the two cases are quite distinct and the reasoning behind *Martin* is not applicable here. There, husband sought to delay distribution of the vested retirement interest because he had not yet retired. The wife objected and the court

agreed that she was entitled to her share on the date of dissolution of the marriage. Here, wife agreed to wait until husband retired and to take her share at that time. We find nothing wrong with this and believe it was a decision she was entitled to make, particularly since husband had decided to continue working. Therefore, in determining the value of the community interest in the retirement benefits, the date of dissolution in this case is meaningless. Section 5118 distributes earnings and accumulations of a spouse as separate property from *the date of separation.*[5] When the employed spouse continues working after separation, in many cases the increased retirement benefits will be attributable in part to such spouse's continued earnings, and in part to the previous community property contributions. ■ For the reasons stated below, the nonemployee spouse should be entitled to a valuation of the community interest at the later date if he or she so desires, and the maturing of the pension benefits depends on an event solely in the power of the other party.

Husband next argues that the entire increase should be his separate property if date of retirement is used as the valuation date. He introduced evidence to show that three factors caused the increase: (a) his additional years of service ("time on the job"); (b) his increase in earnings; and (c) his increase in age. The trial court divided the retirement benefits by using the "time rule" (based on years of service during and after marriage) approved in *In re Marriage of Wilson,* 10 Cal.3d 851 [112 Cal.Rptr. 405, 519 P.2d 165] and *Bensing* v. *Bensing, supra,* 25 Cal.App.3d 889.[6] Husband is in error when he states the increase was caused solely by his earnings or efforts after separation. Clearly, the 21 years and 7 months of community contribution to date of separation[7] played a substantial part in the increase. Two of the factors causing the increase, namely, "time on the job" and increased earnings, were directly enhanced by the many years credited to the marriage. In *In re Marriage of Freiberg,* 57 Cal.App.3d 304, 312 [127 Cal.Rptr. 792], the court applied the "time rule" and stated:

[5]This section is applicable here because a recent Supreme Court case, *In re Marriage of Bouquet,* 16 Cal.3d 583 [128 Cal.Rptr. 427, 546 P.2d 1371], holds that section 5118 is retroactive and governs all property rights that have not been finally adjudicated by a judgment from which the time to appeal has lapsed.

[6]Another method of apportionment applies a percentage based upon the amounts paid into the fund during marriage as a percentage of total amounts paid. This method is known as the insurance apportionment rule. (See Thiede, *The Community Property Interest of the Non-Employee Spouse in Private Employee Retirement Benefits* (1975) 9 U.S.F. L.Rev. 635, 654.)

[7]The court, in using the date of dissolution, erroneously gave the community 22.88 years of full contribution.

"As a general rule, in selecting a method to effect distribution of the community interest in retirement rights the court acts in the exercise of judicial discretion and its determination respecting such will not be interfered with on appeal unless an abuse of discretion is shown. *The criterion governing judicial action is reasonableness under the circumstances. The method adopted may vary with the facts in each case.*" (Italics added.)

We conclude that there was no abuse of discretion in the apportionment formula used. The error was in using the date of dissolution instead of the date of separation as discussed *ante.*[8]

Wife, by way of a cross-appeal, claims that she was not awarded attorney's fees because of the trial court's inadvertent oversight of certain factual information properly before it. In view of the fact that a new hearing must be held to properly apportion the retirement benefits, wife now has the opportunity to renew the motion for attorney's fees and to bring to the court's attention the factual information she desires it to consider.

The portions of the judgment apportioning husband's retirement benefits and denying wife attorney's fees are reversed and remanded for recomputation consistent with this opinion. Costs are awarded to respondent Ida Jean Adams as prevailing party.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied December 16, 1976, and the judgment was modified to read as printed above.

---

[8]We are not saying that the "time rule" is the only rule in situations such as this. The insurance apportionment rule or some other might have been reasonable. Also we can envision an increase in benefits after separation that might be caused solely by the employee spouse's earnings. In such a case it would be an abuse of discretion to give a portion of the increase to the community. Such a situation is not, however, the case here.