[Civ. No. 58967. Second Dist., Div. One. Aug. 27, 1980.]

In re the Marriage of FLORA F. and JOHN M. EMMETT.
FLORA F. EMMETT, Respondent, v.
JOHN M. EMMETT, Appellant.

---

## COUNSEL

Christensen, Fazio, McDonnell, Briggs, Ward & Holland and Philip G. Seastrom for Appellant.

Beverly S. Herbert for Respondent.

---

## OPINION

**TITLE, J.**\*—Appellant appeals from an interlocutory judgment of dissolution of marriage entered on May 4, 1979, which established among other things the community property rights of appellant husband and respondent wife.

### FACTUAL BACKGROUND

Appellant and respondent were married on March 23, 1951. Appellant had entered active duty in the United States Navy on September 5, 1947, and retired on February 28, 1967. His months of active service before marriage were 42.5 months, and his months of active service after marriage were 191 months. The parties separated on May 22, 1978.

In its judgment, the trial court ruled that appellant's military retirement pay was subject to a community property interest and valued the community interest therein at $125,829, which was 80.8 percent of the total value of $153,820. There is no dispute among the parties as to these valuations or computations.

The interlocutory judgment awarded to appellant the entire community property interest in the retirement pension in the value of

---

*Assigned by the Chairperson of the Judicial Council.

$125,829, as well as other items of community property, the total of all community property assets awarded to appellant being in the sum of $153,030. Respondent was awarded the family residence, valued at $70,000, as well as other items of community property, for a total value of $79,588. The interlocutory decree further provided that in order to equalize the division of community property, appellant was to pay to respondent the sum of $36,721, with interest at the rate of 7 percent per annum, payable $100 or more per month commencing on March 1, 1979, to and including October 1, 1981, and thereafter at the rate of $200 per month or more until paid in full.

Respondent was further awarded the care and custody of the minor child of the parties, and appellant was ordered to pay certain sums toward child support.

Appellant's basic contentions on this appeal deal with the actions of the trial court in finding that the Navy retirement pension was community property and in awarding and distributing to appellant the entire community property interest in the retirement pension rather than distributing said pension in kind, one-half thereof to each of the parties.

ISSUES

1. Did the trial court err in ruling that appellant's Navy retirement pension, to the extent that it was earned during the marriage of the parties, was community property and subject to disposition under the community property laws of California?

2. Assuming the community property nature of the Navy retirement pension, did the trial court err in awarding the entire community property interest in the pension to appellant rather than awarding it in kind equally to both appellant and respondent?

RESOLUTION OF ISSUES

I

MILITARY RETIREMENT BENEFITS
AS COMMUNITY PROPERTY

In contending that appellant's Navy retirement pension was separate property, not subject to the community property laws of the State of California, appellant placed reliance on the Court of Appeal decision

in *In re Marriage of Milhan* (Cal.App.), which held that a Navy retirement pension remains the separate property of the former serviceman and is not subject to the community property laws of the State of California. That decision was primarily based on the conclusion of the Court of Appeal that the rationale of the United States Supreme Court in *Hisquierdo* v. *Hisquierdo* (1979) 439 U.S. 572 [59 L.Ed.2d 1, 99 S.Ct. 802], to the effect that retirement pay under the Railroad Retirement Act (45 U.S.C. § 231 et seq.) was not subject to community property laws also applied to military retirement pay. However, appellant's reliance on *Milhan* turned out to be misplaced. Following the granting of a hearing in that case, our Supreme Court in its opinion filed on July 17, 1980 (27 Cal.3d 765 [166 Cal.Rptr. 533, 613 P.2d 812]), reversed the decision of the Court of Appeal and held that retirement pay under the Railroad Retirement Act is distinguishable from military retirement pay because in the enactment of the Railroad Retirement Act, congressional intent existed to preempt community property laws which might otherwise be applicable to railroad retirement pay, whereas no such congressional intent existed in connection with the enactment of the federal statutes relating to military retirement pay. Consequently, the Supreme Court held in *Milhan* that the community property laws of California applied to military retirement pensions. Thus, appellant's contention that his military retirement pension is separate property cannot be sustained.

### THE PROPRIETY OF THE COMMUNITY PROPERTY DIVISION BY THE TRIAL COURT

I

Assuming the community property nature of appellant's Navy retirement pension, appellant nevertheless contends that the trial court erred in awarding all of the community property portion of the retirement pension to him (as well as some additional community assets) with other offsetting community assets being awarded to respondent rather than dividing in kind all of the community property between the parties, including the retirement pension. His argument appears to be substantially as follows: Civil Code section 4800, subdivision (a) requires that all community property assets be divided equally in kind between the parties, unless under subdivision (b)(1) thereof, economic circumstances warrant the awarding of any asset to one party on such conditions as may be proper to effect a substantially equal division of their property; no such economic circumstances exist in this case; consequently the

court erred in awarding the community property portion of the retirement pension entirely to appellant, and awarding to respondent other assets plus the payment of money on an installment basis by appellant to respondent in order to equalize the division of the community property.

## II

Appellant's position that Civil Code section 4800 mandates an in kind division of community property has been rejected by our Supreme Court in *In re Fink* (1979) 25 Cal.3d 877, 885 [160 Cal.Rptr. 516, 603 P.2d 881]. In addition, the cases cited by appellant (*In re Marriage of Judd* (1977) 68 Cal.App.3d 515 [137 Cal.Rptr. 318]; *In re Marriage of Brown* (1976) 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164]; *Smith* v. *Lewis* (1975) 13 Cal.3d 349 [118 Cal.Rptr. 621, 530 P.2d 589, 78 A.L.R.3d 231]; *In re Marriage of Fithian* (1974) 10 Cal.3d 592 [111 Cal.Rptr. 369, 517 P.2d 449]; and *Phillipson* v. *Board of Administration* (1970) 3 Cal.3d 32 [89 Cal.Rptr. 61, 473 P.2d 765]) do not in fact support his contention. *Brown* simply holds that in dividing nonvested pension rights (unlike our present case), the trial court may, if it concludes that uncertainties affecting the vesting or maturation of the pension make it unwise to attempt to divide the present value of the rights, award each spouse an appropriate portion of each pension payment as it is paid. *Phillipson* holds that if there are sufficient community assets with which to do so, the preferable mode of division is to award the pension rights to the employee spouse and property of equal value to the other spouse. It does not necessarily follow that if there are not sufficient assets to do so, as is true in the instant case, that the pension must be divided in kind. To the contrary, the Supreme Court in *Brown* specifically stated in its footnote at page 848 of 15 Cal.3d as follows: "Our suggestion in *Phillipson* v. *Board of Administration, supra,* 3 Cal.3d 32, 46, that when feasible the trial court should award the employee all pension rights and compensate his spouse with other property of equal value, *was not intended to tie the hands of the trial court.* [Italics ours.] That court retains the discretion to divide the community assets in any fashion which complies with the provisions of Civil Code section 4800."

In addition, the Supreme Court in *Phillipson, supra,* (3 Cal.3d at p. 43) specifically stated that ". . . since the divorce court clearly retains the power to adjudicate the rights to all the community property, that court was not compelled merely to divide community property pension rights equally between the parties."

## III

■ A fair reading of the cases cited by both appellant and respondent indicates that there is no hard and fast rule which the trial court is unequivocally required to follow in every case with reference to the method of dividing the community property of the parties pursuant to Civil Code section 4800. Rather the trial court should exercise its reasonable discretion in determining how the equal division of the assets should be accomplished. This conclusion is apparent from the above quoted language of *Brown*. In addition, in *In re Marriage of Freiberg* (1976) 57 Cal.App.3d 304, 312 [127 Cal.Rptr. 792], the court stated: "As a general rule, in selecting a method to effect distribution of the community interest in retirement rights the court acts in the exercise of judicial discretion and its determination respecting such will not be interfered with on appeal unless an abuse of discretion is shown. The criterion governing judicial action is reasonableness under the circumstances. The method adopted may vary with the facts in each case."

Nothing in the language of Civil Code section 4800 requires a distribution of the community property *in kind*. The mandate of that section is that the community property must generally be divided equally. An equal division is not necessarily equated with a division in kind.

## IV

■ As already indicated, Civil Code section 4800, subdivision (b)(1) contains a specific reference to the right of the trial court to award an asset to one spouse where warranted by "economic circumstances." The trial court specifically found such circumstances to exist in its findings of fact and the interlocutory decree where it found that appellant "...squandered and deliberately misappropriated the aforesaid $23,868 of liquid funds of the community" after having stipulated to a restraining order which restrained him from disposing of any of the property of the parties. The trial court further found that "Economic circumstances and the demonstrated unreliability of [appellant]...justify and require the award of the community assets..." to the respondent awarded to her by the interlocutory decree, which included the residence of the parties, thus inferentially indicating that those circumstances also justify the award of the community property interest in the retirement pension entirely to appellant. For authority that such conduct of appellant amounts to economic or special circumstances justifying special treatment by the court, see *Brown, supra*, footnote 12, page 849, where the

Supreme Court pointed out that in *Phillipson, supra*, 3 Cal.3d 32, the employee spouse had absconded with most of the community assets, and that this amounted to special circumstances justifying the award of all of the pension rights to the other spouse. Likewise, here, the squandering and misappropriating of the $23,868 justified special treatment under Civil Code section 4800, subdivision (b)(1).

## V

Another factor exists in this case which in and of itself would amount to economic circumstances within the meaning of Civil Code section 4800, subdivision (b)(1) so as to justify the division of the community property made by the trial court. As pointed out in *In re Marriage of Brigden* (1978) 80 Cal.App.3d 380, 390 [145 Cal.Rptr. 716], the legislative history of the Family Law Act includes an Assembly Committee Report which gives as an example of economic circumstances justifying an exception under section 4800, subdivision (b)(1) the situation where the spouse given custody of a minor child by the court should be awarded the residence of the parties as part of the community assets being distributed to that spouse rather than having the residence sold and the proceeds divided equally so as to accomplish a division in kind. Here the interlocutory decree awarded custody of the minor child to respondent, and thus the residence of the parties was properly awarded to respondent as a part of the community assets being distributed to her. Thus it was logical and reasonable for the court to in turn award the retirement pension to appellant in order to minimize the necessary cash adjustment between the parties to accomplish an equal division.

This conclusion is also consistent with the latest pronouncement of our Supreme Court in *Milhan, supra*, 27 Cal.3d 765. In this regard it should be noted that based upon the disapproval of the United States Supreme Court in *Hisquierdo, supra*, 439 U.S. 572, of awarding other property to compensate spouses for their community property interests in railroad pensions, the appellant in *Milhan* argued that this same reasoning should preclude awarding other property to compensate spouses for their community property interest in military pensions as well. This argument was rejected by our Supreme Court in *Milhan*, when it held that it was proper for the trial court to award Mrs. Milhan a sum equivalent to her share of the value of the military insurance policies which were distributed to Mr. Milhan. Applying this principle to the facts at hand further bolsters the conclusion that it was within the dis-

cretion of the trial court to award the retirement pension to appellant and other equivalent property to respondent.

The judgment is affirmed.

Lillie, Acting P. J., and Hanson (Thaxton), J., concurred.