[Civ. No. 49787. First Dist., Div. One. Aug. 3, 1982.]

In re the Marriage of DORIS M. and KARL W. SHATTUCK.
DORIS M. SHATTUCK, Appellant, v.
KARL W. SHATTUCK, Respondent.

COUNSEL

Suzanne Cummins, Ruth Miller and Davidson, Miller & Digiacinto for Appellant.

Gassett, Perry & Frank, Gassett, Perry, Frank & Bondelie, Rolf M. Bondelie and Cherie A. Christiansen for Respondent.

OPINION

ELKINGTON, J.—In a marriage dissolution action the wife, Doris, appeals from a "Judgment re Division of Pension Funds After Interlocutory Decree of Dissolution of Marriage."

Doris, and the husband, Karl, were employed by the Pacific Telephone and Telegraph Company. Each was a beneficiary of the company's employees' pension plan. Doris' pension rights at the time of the trial had vested but not matured, while Karl's such rights were both

vested and matured. Neither party was obliged to retire, and neither had plans to do so until required by the company's rules.

The judgment, as relevant, stated:

"1. The court retains jurisdiction over both the petitioner's and respondent's pension funds with Pacific Telephone and Telegraph Company pursuant to the *Brown* [*In re Marriage of Brown* (1976) 15 Cal. 3d 838 (126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164)] decision.

"a. The court retains jurisdiction over the pension fund of petitioner to distribute the same in accordance with the following formula: ..." (There followed an erroneous formula for division of the parties' respective community and separate property interests in the retirement benefits.)

The parties now agree (we think correctly) that their respective interests in the retirement benefits should have been determined as provided by *In re Marriage of Judd* (1977) 68 Cal.App.3d 515, 522 [137 Cal.Rptr. 318], and *In re Marriage of Freiberg* (1976) 57 Cal. App.3d 304, 310 [127 Cal.Rptr. 792] (disapproved on other grounds in *In re Marriage of Gillmore* (1981) 29 Cal.3d 418, 425, fn. 5 [174 Cal.Rptr. 493, 629 P.2d 1]).

Doris states the remaining issue of her appeal as follows: "Whether the court must distribute a vested, matured pension fund to the nonemployee spouse despite the employee spouse's election to continue working." She argues that in such a case, or at least this case, the community interest in the fund should have been distributed at the trial, as she had elected.

We find merit in the contention. *In re Marriage of Gillmore, supra,* 29 Cal.3d 418, *passim* (decided after entry of the instant judgment), expressly holds that a nonemployee spouse may elect to take his or her community property share of the other's retirement benefits at the time of their marriage dissolution proceedings.

Indeed, it has been said that where possible, "the preferable mode of division would be to award the pension rights to the employee and property of equal value to the spouse." (*Phillipson* v. *Board of Administration* (1970) 3 Cal.3d 32, 46 [89 Cal.Rptr. 61, 473 P.2d 765] [disap-

proved on other grounds in *In re Marriage of Brown*, 15 Cal.3d 838, 851, fn. 14].)

But nevertheless we discern what appears to be a contention of Doris' appeal that under *Gillmore* she had a right to, and did, elect at the time of the parties' marriage dissolution proceedings, to thereafter receive from Karl sums of money ($178.92 monthly) equal to what her community property interest in his monthly retirement benefits would have been, had he then been retired. In this, she is mistaken.

We point out initially—the absolute rule of Civil Code section 4800—that in marriage dissolution proceedings, the community property of the parties *shall be divided equally*. (See *In re Marriage of Olson* (1980) 27 Cal.3d 414, 421 [165 Cal.Rptr. 820, 612 P.2d 910].)

Equally well established is the rule that in marriage dissolution proceedings an employee spouse, eligible to retire as the beneficiary of a pension fund, who is not required to and wishes not to so retire, is under no legal compulsion to do so. "He is free to continue working" (*In re Marriage of Gillmore, supra*, 29 Cal.3d 418, 427), and "The time when the monthly retirement payments will commence . . ., as between the [employee] husband and the wife, [is] entirely within the control of the husband" (*In re Marriage of Freiberg, supra*, 57 Cal.App.3d 304, 311).

Doris' contention's nonconformity with the mandate of Civil Code section 4800, that community property be divided equally, will perhaps best be pointed up in this manner. Assuming, as was his right, that Karl wished not to retire until required to after 10 more years, under her contention he would be obliged over that period of time to pay her $21,384 ($178.20 x 120 mos.) while he, himself, received no retirement benefits. Only thereafter would they share the benefits according to their respective interests. The consequent frustration of section 4800's purpose is manifest.

Instead *Gillmore*, which beyond any doubt is the latest and leading case on the subject, provides that upon dissolution of the parties' marriage, Doris was entitled to immediate distribution of her community property share of Karl's pension fund. That distributive share consisted of an amount *equivalent* to her interest therein. The court did *not* create a fiction that Karl be deemed to have received his monthly pension payments, and was therefore bound to pay over to Doris her community

property share of them. *Gillmore* says no more than that: "If he does not wish to retire, he must [upon dissolution of the marriage and her demand] pay her an amount *equivalent* to her interest." (29 Cal.3d p. 427; our italics.)

Upon determination of Doris' present community property interest in Karl's pension fund, its value will be affected by its inherent uncertainties such as the parties' probable life expectancies and their health, and the fact that an early death might preclude any pension payments at all. It will embrace everything that has reasonable relevancy to the expectancy's present value. See *In re Marriage of Brown, supra*, 15 Cal. 3d 838, 848. The judicial concern will be the "present value of pension rights." (*Id.*, p. 848.) And it is settled that such present value will be *actuarially* determined, among other things, by considering the retirement benefit's uncertainties. The search will be for the "*actuarial current value of the benefits.*" (*Smith* v. *Lewis* (1975) 13 Cal.3d 349, 361 [118 Cal.Rptr. 621, 530 P.2d 589, 78 A.L.R.3d 231] [disapproved on other grounds *In re Marriage of Brown*, 15 Cal.3d 838, 851, fn. 14]; and see *Waite* v. *Waite* (1972) 6 Cal.3d 461, 465 [99 Cal.Rptr. 325, 492 P.2d 13] [disapproved on other grounds *In re Marriage of Brown*, 15 Cal.3d 838, 851, fn. 14]; *Phillipson* v. *Board of Administration, supra*, 3 Cal.3d 32, 39; *In re Marriage of Forrest* (1979) 97 Cal.App.3d 850, 852 [159 Cal.Rptr. 229]; *In re Marriage of Samuels* (1979) 96 Cal.App.3d 122, 128 [158 Cal.Rptr. 38]; *In re Marriage of Judd, supra*, 68 Cal.App.3d 515, 519; *Bensing* v. *Bensing* (1972) 25 Cal.App.3d 889, 894 [102 Cal.Rptr. 255] [disapproved on other grounds *In re Marriage of Brown*, 15 Cal.3d 838, 851, fn. 14].) Such an actuarial value determination will, of course, be a question of fact for the trial court. (*Bensing* v. *Bensing, supra*, 25 Cal.App.3d p. 895.) And it would seem that, at least ordinarily, it would be the subject of expert testimony. (See *Smith* v. *Lewis, supra*, 13 Cal.3d p. 361.)

Upon determination of Karl's retirement benefit's present value (as of the date of the parties' separation; see Civ. Code, § 5118), the trial court will have broad discretion as to the manner in which Karl will be directed to pay Doris an amount equivalent to her community property interest in it. (*In re Marriage of Brown, supra*, 15 Cal.3d 838, 848, fn. 10.)

For these several reasons, the judgment will be reversed and the cause remanded to the superior court for further proceedings.

There appears yet another issue, unraised by the parties on the appeal, that will undoubtedly be presented upon remand to the superior court.

All community property interests in pension funds, "whether the benefits are vested or nonvested, matured or immature" are subject to equal division upon dissolution of a marriage. (*In re Marriage of Gillmore, supra*, 29 Cal.3d 418, 422.) Doris' above-mentioned pension fund will accordingly, at Karl's request, also be subject to appropriate division between the parties, as an offset to Karl's pension fund obligation.

The judgment is reversed. The superior court will take such further proceedings as are not inconsistent with *In re Marriage of Judd, supra*, 68 Cal.App.3d 515, 522, *In re Marriage of Freiberg, supra*, 57 Cal. App.3d 304, 310, *In re Marriage of Gillmore, supra*, 29 Cal.3d p. 425, and otherwise with the views we have here expressed.

Racanelli, P. J., and Newsom, J., concurred.

On September 2, 1982, the opinion was modified to read as printed above.