[Civ. No. 41464. First Dist., Div. Four. Aug. 14, 1978.]

In re the Marriage of VERNA C. and NELSON W. BORGES.
NELSON W. BORGES, Respondent, v.
JACQUELINE ROBINSON, as Special Administratrix, etc., Appellant.

COUNSEL

Boornazian, King & Schultze and James L. McIntosh for Appellant.

Goth, Dennis & Aaron and Peter G. Riechert for Respondent.

## OPINION

**CHRISTIAN, J.**—Jacqueline Robinson, special administratrix of the estate of Verna C. Borges, deceased, appeals[1] from an order denying modification of an interlocutory judgment of marital dissolution.

The marriage of Nelson W. Borges and Verna C. Borges was terminated on January 3, 1975, by an interlocutory judgment which awarded to Verna $250 per month alimony. Integrated into the judgment was a marital settlement agreement which identified and divided several items of community property. Verna gave to Nelson a promissory note in the amount of $21,858 to balance the division of community property.

Almost two years later, Verna retained new counsel and obtained from the court an order directing Nelson to show cause why he should not be compelled, under terms of the agreement, to pay to Verna half the value, as of the time of the dissolution, of benefits which Nelson would upon his retirement receive from his employer, Pacific Telephone and Telegraph Company.

At hearings on the order to show cause the evidence established without contradiction that both parties had been aware that Nelson's

---

[1]This appeal was commenced by Verna C. Borges. Upon her death Jacqueline Robinson was appointed special administratrix. By order of this court the special administratrix has been substituted as appellant in place of the decedent.

employer would pay benefits to him upon his retirement. The settlement was entered into before nonvested retirement interests were held by the California courts to be subject to treatment as community property.[2] Counsel for Verna assumed that Nelson had no vested retirement right, and did not bring into the negotiations any consideration of retirement benefits. Actually, rights had vested in Nelson, and were worth $269.79 per month at the time of separation.

Verna pointed out to the court that the marital settlement agreement contained the following provisions under the caption "Undisclosed Assets": "Each of the parties warrants to the other that this agreement sets forth the total community property of the parties and if it later appears that either of the parties hereto owns any other property which would be community property of the parties hereto, said property is to be divided equally. Husband acknowledges that real property located at 6417 Mission Street, Daly City, California, is the separate property of Wife and agrees to execute a quitclaim deed of any interest he might have therein." Although the order to show cause had seemed to seek an order for direct application of the quoted provision to Nelson's retirement rights, i.e., "an order compelling [Nelson] to pay to [Verna] one-half of the value at the time of the dissolution of [Nelson's] pension benefits . . . ," at the hearing counsel for Verna asked the court to modify the decree to treat the retirement right as a community asset. The court denied modification, and the present appeal followed.

Nelson contends, citing *Waite* v. *Waite* (1972) 6 Cal.3d 461 [99 Cal.Rptr. 325, 492 P.2d 13] (disapproved on other grounds, *In re Marriage of Brown, supra,* 15 Cal.3d at p. 851) and *Bensing* v. *Bensing* (1972) 25 Cal.App.3d 889 [102 Cal.Rptr. 255] (disapproved on other grounds, 15 Cal.3d 851) that any claim derived from Verna's community interest in the pension entitlement is extinguished by Verna's death. *Waite* involved benefits under the Judges' Retirement Law of the State of California, and *Bensing* involved military retirement benefits. Verna's special administratrix contends, citing Thiede, *The Community Property Interest of the Non-Employee Spouse in Private Employee Retirement Benefits* (1975) 9 U.S.F. L.Rev. 635, that the *Waite* rule should be held inapplicable to private benefits. We believe that the considerations underlying the cited decisions may be applicable to a private retirement plan, but that the determination of that question depends upon analysis of the plan by the trial court in the light of all the circumstances of the parties. (Cf. *In re*

---

[2]See *In re Marriage of Brown* (1976) 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561].

*Marriage of Bruegl* (1975) 47 Cal.App.3d 201 [120 Cal.Rptr. 597], disapproved on other grounds, 15 Cal.3d 851.) ■ Here, Nelson's pension rights were vested at the time of the dissolution proceeding; thus, although the holding of *In re Marriage of Brown, supra,* 15 Cal.3d 838, is inapplicable, the benefits were incontestably community property subject to disposition by the court and were covered by the "undisclosed assets" provision quoted above, which was incorporated in the judgment. But it does not follow that the court would have been compelled to determine the present actuarial value of Nelson's retirement rights and make an immediate award of half that amount to Verna. The court might, for example, have ordered monthly payments to Verna out of benefits as they became payable, with an adjustment in support payments. (See *Bensing v. Bensing, supra,* 25 Cal.App.3d at p. 894; Hardie, *Pay Now or Later: Alternatives in the Disposition of Retirement Benefits on Divorce* (1978) 53 State Bar J. 106.)

Nelson contends, citing *In re Marriage of Bodle* (1978) 76 Cal.App.3d 758 [143 Cal.Rptr. 115], that the trial court had no jurisdiction to deal with the retirement benefit. The *Bodle* court concluded that the retirement right there in question had been "left unadjudicated by the decree of divorce" (76 Cal.App.3d at p. 767); but in the present case the judgment incorporated the language of the settlement agreement providing for equal division of other assets which, it might later appear, were community property of the parties. ■ We conclude that Verna originally chose an available remedy in seeking enforcement of the judgment but at the hearing before the trial court counsel did not pursue that remedy; enforcement of the existing provisions of the judgment was implicitly abandoned and the matter was submitted to the court on arguments that the decree should be modified, not that it should be enforced. No lawful basis for modification of the judgment was shown, and it was not error to deny such relief.

Affirmed.

Caldecott, P. J., and Paik, J.,* concurred.

A petition for a rehearing was denied September 11, 1978, and appellant's petition for a hearing by the Supreme Court was denied October 25, 1978.

---

*Assigned by the Chairperson of the Judicial Council.